**Ex parte John Wesley McKENZIE.**

**No. 61309.**

Court of Criminal Appeals of Texas, En Banc.

June 13, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an application for post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

McKenzie was charged with a murder committed on July 14, 1972. On August 11, 1972, a jury found McKenzie incompetent to stand trial and he was committed to the Rusk State Hospital. After being released from Rusk, the State again sought to try McKenzie. On May 28, 1974, a jury found McKenzie competent to stand trial. He was subsequently convicted of the murder and his punishment was assessed at twenty years.

McKenzie contends that the second competency trial did not meet the minimum requirements of due process because the jury charge contained a constitutionally inadequate definition of competency. The court instructed the jury that a person is competent to stand trial if he "has sufficient mental capacity to know the nature, quality and consequences of his acts and to understand the difference between right and wrong."

A charge to the jury on competency to stand trial should, ideally, focus on whether or not the accused has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Article 46.02, V.A.C.C.P. We have held that charges that focus upon whether the accused knew right from wrong, the M'Naghten rule, were inadequate to comply with due process. *Ex parte Long,* 564 S.W.2d 760 (Tex.Cr.App. 1978); *Ex parte Hagans,* 558 S.W.2d 457 (Tex.Cr.App.1977). However, we have also held that a charge which inquired if the accused could "make a rational defense to the charges against him" was constitutionally adequate. *Corley v. State,* Tex.Cr. App., 582 S.W.2d 815.

The instant charge focuses on the accused's ability to know what he is doing and whether it is right or wrong. It does not lead the jury to consider whether McKenzie knew anything about the proceedings against him or whether McKenzie could communicate with his attorney to make a rational defense. These are the issues that the jury should have considered in determining McKenzie's competence to stand trial. Since the charge did not deal with the proper issues, it is inadequate.

The charge was inadequate for a proper determination of his competence to stand trial. In *Brandon v. State,* Tex.Cr.App. (No. 59,348, delivered April 25, 1979), we held that where there had not been a constitutionally adequate competency hearing, the appropriate remedy would be to remand the case for further proceedings.

Those proceedings should determine if it is possible to conduct a nunc pro tunc competency hearing and, if it is, to hold such a hearing following the present version of Article 46.02, V.A.C.C.P.

The case is remanded to the trial court to determine, if possible, whether McKenzie was competent at the time of the 1974 trial. If such a determination is possible, a competency hearing shall be held in accordance with Article 46.02, V.A.C.C.P.

It is so ordered.