Carlos A. CABALLERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 56745.

Court of Criminal Appeals of Texas, En Banc.

Oct. 17, 1979.

Robert A. Valdez, Antonio G. Cantu, San Antonio, on appeal only, for appellant.

Bill M. White, Dist. Atty., Keith W. Burris, James W. Blagg, E. Dick Ryman and Lisa M. Beck, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

Appellant's conviction was reversed and remanded by this Court due to error which occurred in the hearing on appellant's competency to stand trial. The State has filed a motion for rehearing and urges this Court to reconsider the disposition of this case in light of *Brandon v. State* (No. 59,348, decided April 25, 1979), which was decided the same day as this case.

In *Brandon* this Court held that the defendant did not receive a fair determination of his competency to stand trial, but that no error occurred in the trial on the merits. We abated the appeal and remanded the cause to the trial court to empanel another jury to make a retrospective determination of the appellant's competency to stand trial. The State contends that we should dispose of this case in the same manner. We agree and withdraw the prior opinion.

As we pointed out in *Brandon*, supra, there are difficulties inherent in making a retrospective determination of a defendant's competency to stand trial. See *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836,

15 L.Ed.2d 815 (1966); *Dusky v. U. S.,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). These difficulties include passage of time, present recollection of expert witnesses who testified at the original hearing, and ability of the judge and jury to observe the subject of their inquiry. *Pate v. Robinson,* supra; *Brandon v. State,* supra. However, there is ample Federal and State authority that a retrospective determination of competency can be made within the limits of due process, depending on the facts of the particular case. See the exhaustive compilation of cases in *Brandon v. State,* supra. Since *Brandon* was decided, this Court has ordered that retrospective competency hearings be held. See *Ex parte McKenzie,* 582 S.W.2d 153 (Tex.Cr.App.1979); *Ex parte Winfrey,* 581 S.W.2d 698 (Tex.Cr.App.1979).

■ The competency hearing and trial in this cause took place three years ago. At the competency hearing appellant called several witnesses, including relatives, and the State called two expert witnesses to testify as to appellant's competency to stand trial. Those witnesses should be available to testify at the present time. The State's witnesses administered psychological tests to appellant and presumably the records of those tests are still available. We conclude that a retrospective determination of appellant's competency to stand trial is feasible.

We have examined appellant's contentions concerning the trial on the merits and have concluded that no reversible error is shown. In the event that the new competency jury finds that appellant was competent to stand trial, we now discuss these contentions.

■ At the guilt/innocence phase of the trial on the merits, the State called Dr. Betty Schroeder, a psychologist employed by Bexar County, to testify concerning a psychological examination of appellant which she conducted prior to trial. At one point the prosecutor asked Dr. Schroeder whether appellant was able to communicate with her and recall events. Dr. Schroeder replied:

A Yes; very carefully and very thoroughly. He provided a great deal of information.

Q All right, just what kind of information did he provide to you?

A The information, specifically, were his plans for the murder of his wife and her boyfriend, which he indicated, "I wanted to kill them both—I bought a pistol. I waited for a month. I wanted to catch them both."

Those are quotes. I took it down specifically. (Indicating.)

Appellant contends that the admission of the statement made by appellant to Dr. Schroeder violated Article 46.02(3)(g), V.A. C.C.P. That Article provides:

No statement made by the defendant during the examination or hearing on his competency to stand trial may be admitted in evidence against the defendant on the issue of guilt in any criminal proceeding.

The admission of the statement was clearly error. Although appellant did not object to the admission of the statement, this Court has held that the error cannot be waived because the statute is too clear and absolute to be held subject to waiver. *Ballard v. State,* 519 S.W.2d 426 (Tex.Cr.App. 1975, Opinion on Appellant's Motion for Rehearing). It was pointed out in *Ballard,* however, that "such an error may be rendered harmless, as when the accused admits the making of the statements." In *Smith v. State,* 502 S.W.2d 814 (Tex.Cr.App.1973), cited in *Ballard,* the admission of an incriminating statement made by the defendant during a psychiatric examination was found to be harmless error because the same statements were made in appellant's written confession which was admitted in evidence. In this case, as in *Smith,* appellant confessed to the same facts as were testified to by the State's witness.

Appellant gave two detailed and lengthy statements in which he confessed to the murder of his wife. Both confessions were read to the jury and admitted in evidence. In the confessions appellant stated that for two months previous to the offense he sus-

pected that his wife was seeing another man. He also stated:

. . . Since I started feeling that my wife was cheating on me I have been telling her that if I ever caught her I would kill her. I guess I have been thinking about killing her for about a month. . . .

Appellant further confessed that on the date of the offense he left the house as if to go to work but instead he hid his car and, armed with a pistol, went back to the house to observe his wife's activities. He stated that he took his pistol with him because it was his intention to kill his wife if he caught her with another man. In the face of this evidence, we cannot say that the admission of appellant's statement to Dr. Schroeder was prejudicial to appellant. Reversible error is not shown.

■ Appellant also complains that Dr. Schroeder testified from notes taken by an assistant during a preliminary examination of appellant. Appellant contends this was hearsay testimony. Dr. Schroeder testified that her associate, who was a licensed psychological associate, saw appellant on April 28, 1976, and did the "basic testing." This involved administering a reading test and a mathematics test and taking down basic "social information" about appellant. According to Dr. Schroeder these tasks did not require the expertise of a psychologist. Dr. Schroeder testified that she verified her associate's work and went through the social information again in more depth when she examined appellant. Dr. Schroeder did not testify as to the results of the tests which her associate rendered, nor did she testify from any notes which her associate took. Moreover, a doctor can testify from laboratory records as to the results of a test by another person where the analysis is under his supervision or control. See *Grant v. State*, 472 S.W.2d 531 (Tex.Cr.App.1971); *Dagley v. State*, 394 S.W.2d 179 (Tex.Cr. App.1965). No error is shown.

■ Finally, appellant complains of a comment made by the prosecutor during the trial on the merits. Appellant was convicted of shooting his wife to death while his wife was driving appellant and their four-year-old daughter to appellant's grandmother's house. The daughter was sitting between appellant and her mother when appellant committed the murder. The State called San Antonio Police Officer Albert Harris to testify concerning what occurred when he arrived at the scene of the offense. The prosecutor asked Harris:

Q All right, while the defendant was there present during your conversation with this little girl, would you tell us, please, what the little girl told you in regard to the shooting?

MR. VALDEZ: Well, I think Your Honor, that number one, the best evidence would be the little girl. The little girl has been subpoenaed.

And I'm going to object to it as not being the best evidence.

THE COURT: I'm going to sustain at this point.

MR. BURRIS: Your Honor, the little girl is in a state of shock. We can't have any best evidence.

Appellant objected to the prosecutor's remark that the daughter was in a state of shock; the court sustained the objection and instructed the jury to disregard the remark and not consider it for any purpose in its deliberation. Appellant's motion for mistrial was denied.

The evidence showed that the daughter was present at the commission of the offense, and it is reasonable to conclude that she was severely traumatized by the offense. The remark was not so prejudicial that the court's instruction could not remove its harmful effect. See *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977); *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App. 1977). No reversible error is shown.

The cause is abated and remanded to the trial court to empanel a jury and conduct a competency hearing within 90 days to determine whether appellant was competent to stand trial at the time of his trial in September 1976. A record of that proceeding shall be prepared in the manner required by Article 40.09, V.A.C.C.P., and

transmitted to this Court for further disposition.

It is so ordered.