NUMBER
13-03-687-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JAMES PHILLIP
MARTHILJOHNI, II,                                               Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                        of
Victoria County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, James Phillip Martheljohni, II, a minor,
was convicted of murder and now appeals from this conviction claiming
ineffective assistance of counsel and violations of his rights under the Fifth
Amendment, Sixth Amendment, and former article 46.02, section 3(g) of the Texas
Code of Criminal Procedure.  We affirm
the judgment of the trial court.

I.  Facts and
Procedural History

Appellant was arrested for the September 23, 2002
murder of his stepmother.  During a
detention hearing, appellant=s counsel raised the issue of mental illness.   Both the State and defense counsel moved the
juvenile court to order a Fitness to Proceed examination pursuant to section
55.11 of the Texas Family Code. The examining psychiatrist found appellant fit
to proceed.  Appellant was certified as
an adult and tried for murder.  During
the trial, the examining psychiatrist testified that appellant had the capacity
to commit murder and knew the wrongfulness of his action.  A jury found appellant guilty and sentenced
him to forty years= imprisonment.

II.  Article
46.02 Section 3(g)

By appellant=s first issue on appeal, he alleges that the State
(1) violated Texas Code of Criminal Procedure article 46.02, section 3(g) by
asking the examining psychiatrist questions relating to appellant=s guilt or innocence, and (2) violated his Fifth
Amendment right against self-incrimination and his Sixth Amendment right to
counsel under Estelle v. Smith, 451 U.S. 454 (1981).

Former Texas Code of Criminal  Procedure article 46.02, section 3(g), read,
"No statement made by the defendant during the examination or hearing on
his competency to stand trial may be admitted in evidence against the defendant
on the issue of guilt in any criminal proceeding."  Act of June 15, 1977, 65th Leg., R.S., ch.
596, ' 1, art. 46.02, ' 3(g),
1977 Tex. Gen. Laws 1458, 1460, repealed by Act of May 14, 2003, 78th
Leg., R.S., ch. 35, ' 15, 2003 Tex. Gen. Laws 57, 72.  








A. 
Application of Article 46.02 ' 3(g)

We first address the State=s claim that article 46.02, section 3(g) does not
apply because counsel for appellant and the State jointly requested a
psychiatric examination of appellant under Texas Family Code section 55.11
(mental illness test for juveniles), rather than pursuant to article
46.02.  See Tex. Fam. Code Ann. ' 55.11 (Vernon 2002). The psychiatrist examined
appellant on October 20, 2002 for approximately one and one-half hours and made
two reports.   The psychiatrist=s report entitled ACompetency
to Stand Trial Evaluation@ concludes appellant Ais
competent to stand trial pursuant to Article 46.02.@  The
psychiatrist=s report entitled ACriminal
Responsibility Evaluation@ concludes that appellant was able to fully
appreciate the wrongfulness of his conduct but cites no statute.

We note only one exception to the applicability of
article 46.02, section 3(g).  When the
defendant raises an insanity defense, the hearing that follows is not subject
to article 46.02, section 3(g).  See,
e.g., Riles v. State, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980);
DeRusse v. State, 579 S.W.2d 224, 230 (Tex. Crim. App. 1979).  However, appellant did not raise an insanity
defense, so this exception does not apply. 
Moreover, the psychiatrist=s assessment cited article 46.02 showing that he was
mindful of that statute and its provisions, and applied its provisions during
the assessment.  We see no reason to deny
application of article 46.02, section 3(g).








The State further claims that because the defense
counsel did not object to the admission of the psychiatrist=s testimony, appellant has not preserved error for
appeal.   The record does not show an
objection to admission of the testimony. 
However, the erroneous admission of statements made by a defendant
during his or her section 3(g) competency examination is not waived for a
failure to object.  See Perry v. State,
703 S.W.2d 668, 671 (Tex. Crim. App. 1986). 

B.  Statements
at Trial

We now turn to the substance of the testimony.  Appellant argues both prosecution and defense
counsel violated section 3(g) when they asked the examining psychiatrist
questions relating to the ultimate issue of appellant=s guilt or innocence.  Appellant complains of the psychiatrist=s statements that appellant could appreciate right
from wrong and had the mental capacity to commit murder.  The State asserts that no statement made to
the psychiatrist by appellant is reiterated in the psychiatrist=s testimony. 
Rather, the State claims the testimony was limited to the issues of
capacity and competency. 

 We see
nothing here that implicates section 3(g). 
The purpose of these statements is to establish competency and shows
only that this expert concluded that appellant could be held liable for his own
actions.

Appellant next cites defense counsel=s question regarding evidence in the psychiatrist=s collateral sources that showed appellant had
spoken with others about committing the murder. 
Other juveniles, through their statements, claimed that appellant had
spoken with them about committing the murder. 
Testimony based on collateral source evidence, and not statements made by
the appellant during his competency hearing, does not implicate section
3(g).  Even if it did, this evidence was
already a part of the record.  If the
revealed statements are already in the record, the error is harmless.  Perry v. State, 703 S.W.2d 668, 671
(Tex. Crim. App. 1986); Caballero v. State, 587 S.W.2d 741, 743 (Tex.
Crim. App. 1979). 








Finally, the examining psychiatrist testified that
although appellant claimed his father had committed the crime, the psychiatrist
doubted the truth of this claim based on information that became available
after the competency examination:  Amuch information has come out since I saw him in
October of 2002 that, perhaps, what he said was not truthful.@  Appellant
claims this testimony is inadmissible under section 3(g). The psychiatrist=s comment that subsequent information shed doubt on
appellant=s statement does not implicate section 3(g) because
it is merely an opinion based on evidence already in the record.  Id. 
We note that expert witness testimony in the form of an opinion that is
otherwise admissible is not objectionable merely because it embraces an
ultimate issue to be decided by the jury.  See 
Tex. Evid. R. 704.  Even if this testimony were inadmissible,
appellant=s defense argument that his father committed the
murder is a part of the record; thus error, if any, is harmless.  Perry, 703 S.W.2d at 671

C. Constitutional Rights

Citing Estelle v. Smith, 451 U.S. 454 (1981),
appellant argues that the State violated his Fifth Amendment right against
self-incrimination by using his competency evaluation statements against him
and his Sixth Amendment right to counsel by failing to give notice that the
mental examination could result in adverse statements being used against him at
trial.  ANo
person . . . shall be compelled in any criminal case to be a witness against
himself.@  U.S. Const. amend. V.  In Estelle, the State examined the
defendant without the knowledge of his counsel and failed to put the examiner=s name on the witness list until the eve of
trial.  Estelle, 451 U.S. at
459.  The defendant was not informed that
his statements could be used against him at trial.   Id. at 461.  The State used his statements as affirmative
evidence of future dangerousness in order to persuade the jury to award the
death penalty.  Id. at 466.  The Supreme Court concluded these Adistinct circumstances@
implicated the Fifth Amendment.  Id.








Here, those distinct circumstances do not
appear.  Appellant=s own counsel joined with the State in requesting a
competency examination.  The psychiatrist
stated in his report that appellant was notified that the assessment would not
be confidential and that the psychiatrist might testify in court.  The psychiatrist did not reveal any
statements made by appellant that were not otherwise already a part of the
record.  Based on these facts, we find
nothing to implicate a violation of appellant=s
Fifth Amendment right to protection from self-incrimination under Estelle.

The defendant is entitled to effective assistance of
counsel in all criminal prosecutions.  U.S. Const. amend. VI.  In Estelle, the State denied the
defendant the benefit of consulting with counsel before his competency
examination.  Estelle, 451 U.S. at
471. The Court noted the defendant=s decision to participate in such an examination
should have been made with the benefit of counsel, and because that option was
denied him, his Sixth Amendment right to counsel was violated.  Id. 
Here, defense counsel joined in the request for the competency
examination; therefore, the evidence does not show appellant was denied the
benefit of counsel before deciding to participate.   Accordingly, appellant=s first issue is overruled.

III. 
Ineffective Assistance of Counsel

In his second issue, appellant claims ineffective
assistance of counsel for failure to object to the examining psychiatrist=s testimony relating to appellant=s guilt or innocence.  Appellant further complains of trial counsel=s failure to attend the competency hearing or meet
with the examining psychiatrist before the trial.








The Sixth Amendment guarantees the right to
reasonably effective assistance by counsel. U.S.
Const. amend. VI. The Sixth Amendment applies to state criminal
prosecutions.  Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001). 
To prevail on a claim of ineffective assistance of counsel, appellant
must establish that (1) counsel's performance failed to constitute reasonably
effective assistance by falling below an objective standard of reasonableness
under the prevailing professional norms, and (2) there is a reasonable
probability that, but for counsel's deficient performance, the result of the
proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002).  Allegations
of ineffective assistance of counsel must be firmly founded in the record.  Ex parte Nailor, 149 S.W.3d 125, 130
(Tex. Crim. App. 2004).  Where the record
is silent, we assume strategic motivation and sound trial strategy unless
counsel's conduct is so outrageous that no competent attorney would have so
acted.  Garcia, 57 S.W.3d at
440.  Appellant offers four incidents
that he claims demonstrate ineffective assistance.

First, appellant contends that defense counsel
provided ineffective assistance when he failed to object to the State=s questions to the examining psychiatrist that
related to appellant=s innocence or guilt.  When an appellant alleges that counsel was
deficient in failing to object to the admission of evidence, the appellant must
show, as part of his claim, that the evidence was inadmissible.  Ortiz v. State, 93 S.W.3d 79, 93 (Tex.
Crim. App. 2002).  As discussed above,
however, we find that appellant has not shown that the evidence was
inadmissible. 








Second, appellant claims the record implies that he
did not have his counsel with him when he met with the psychiatrist.  The courts have not held there is a
constitutional right to have counsel present during a competency hearing.  See Estelle, 451 U.S. at 471
n.14.  To the contrary, the courts have
noted that having an attorney present could prove disruptive to the examination
process.  Id. 

Third, appellant claims defense counsel was
ineffective because that he had not previously communicated with the examining
psychiatrist about the case.  Appellant,
however, fails to state why this shows ineffective assistance.  The record shows that defense counsel=s office received a copy of the psychological
evaluation on November 14, 2002, eleven months before the trial.  The record also shows that defense counsel
was aware of collateral sources used by the examining psychiatrist, including a
psychological evaluation requested by the Juvenile Probation Department.  Counsel possessed the information he needed,
and appellant does not claim that counsel withheld any collateral sources from
the psychiatrist that might have helped him during the evaluation. 








Fourth, appellant claims the record implies trial
counsel failed to direct appellant on how to handle himself during the
competency hearing.  As evidence,
appellant cites the trial record where defense counsel asked the psychiatrist
whether appellant had ever indicated during his interview that he had been
advised or been counseled by an attorney on how to deal with the competency
examination.  The psychiatrist answered, ANo, he didn=t say that.@  The Supreme
Court has noted the extreme strategic importance of a competency hearing and
the need for effective counsel.  Estelle,
451 U.S. at 471.  Few would argue that
for an attorney to send a client accused of murder into a mental examination
without any guidance of counsel falls below an objective standard of
reasonableness under the prevailing professional norms.  See Tex.
Disciplinary R. Prof=l Conduct 1.03
(b) ("A lawyer shall explain a matter to the extent reasonably necessary
to permit the client to make informed decisions regarding the
representation.").  In this case,
however, there is no evidence in the record that the attorney failed to advise
appellant.  The record only states that
appellant did not say during the examination whether he had received
guidance.  

Therefore, there is no evidence counsel's
performance failed to constitute reasonably effective assistance under Strickland.  See Ex parte Nailor, 149 S.W.3d at
130.  Appellant=s second issue is overruled.

IV. 
Conclusion

We affirm the judgment of the trial court.      

    

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P. 47.2(b).

 

 

Memorandum
Opinion delivered and filed

this
4th day of August, 2005.