IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,873 & AP-76,874






EX PARTE MICHAEL GEORGE LAHOOD, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 960494-A AND 960495-A IN THE 185TH


DISTRICT COURT FROM HARRIS COUNTY





 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a single trial
of aggravated kidnapping and aggravated sexual assault and was sentenced in each cause to
concurrent terms of thirty years' imprisonment. The convictions and sentences were affirmed on
direct appeal. LaHood v. State, 171 S.W.3d 613 (Tex. App.--Houston [14 Dist.] 2005).

 In his writ applications, Applicant has alleged multiple claims of ineffective assistance of
trial counsel. These applications are filed and set for submission, and the parties shall brief the
following issues. 

 1. Whether trial counsel, under Strickland v. Washington, 466 U.S. 668 (1984),
was deficient for not bringing to the trial court's attention, either before or
during trial, evidence of Applicant's alleged incompetency to stand trial.

 

 2. Assuming trial counsel was deficient for failing to alert the trial court to the
alleged incompetency, whether Applicant was harmed by counsel's actions
under Strickland v. Washington, 466 U.S. 668 (1984), and how the
determination of harm should be made considering this Court's holdings in
Sisco v. State, 599 S.W.2d 607 (Tex. Crim. App. 1980), Barber v. State, 737
S.W.2d 824 (Tex. Crim. App. 1987), Williams v. State, 663 S.W.2d 832 (Tex.
Crim. App. 1984), and their progeny.

 

 3. Assuming deficient performance and resulting harm are shown under
Strickland v. Washington, 466 U.S. 668 (1984), whether the proper remedy
is to order a retrospective competency inquiry or to grant a new trial. See,
e.g., Barber v. State, 737 S.W.2d 824 (Tex. Crim. App. 1987); Caballero v.
State, 587 S.W.2d 741 (Tex. Crim. App. 1979).


Applicant's remaining issues are denied.

 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental
transcript containing: a confirmation that Applicant is represented by counsel; the order appointing
counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or
before December 12, 2012.


Filed: September 12, 2012

Do not publish