**AFFIRM; and Opinion Filed April 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00882-CR

---

### JEREMY DEMONT WAITES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 203rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1262008-P

---

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Appellant Jeremy Demont Waites appeals his conviction for possession with intent to deliver cocaine. In a single issue on appeal, appellant contends the trial court erred by not permitting him to withdraw his guilty plea after the court rejected a plea agreement. Because appellant did not object or seek to withdraw his guilty plea at the sentencing hearing, we affirm the trial court's judgment.

Appellant was indicted for possession with intent to deliver cocaine in an amount of four grams or more, but less than 200 grams. Appellant and the State entered into a plea agreement by which appellant agreed to plead guilty and the State agreed to recommend the minimum amount of prison time for the offense, five years, as well as a $500 fine. The agreement provided that appellant would be permitted to withdraw his plea if the court rejected the plea bargain.

At a hearing on April 28, 2014, appellant pleaded guilty, and the State introduced into evidence appellant's signed judicial confession. The court referenced the terms of the plea agreement and informed appellant that sentencing would take place two days later, on April 30th. Defense counsel asked the judge to impress upon appellant the severity of not returning for sentencing. The judge told appellant if he returned for sentencing, he would approve the plea agreement. If not, the judge would treat appellant's plea as an open plea and have the right to assess his punishment anywhere in the range of five to 99 years or life. Appellant indicated he understood.

The sentencing hearing did not take place on April 30th because appellant did not appear. Instead, it occurred on June 16, 2014. The judge reminded appellant at the June 16th hearing that, although there was a plea agreement for a five-year sentence, appellant had been told that if he did not return for sentencing he would be subject to the full range of punishment. Appellant testified that he did not show up for sentencing in April because his uncle passed away and he went to the funeral. Appellant asked the court to honor the plea agreement. The court found appellant guilty and did not follow the plea agreement, assessing punishment at ten years in prison and a $500 fine. At no time did appellant object or ask to withdraw his guilty plea based on the rejection of the plea agreement.

Appellant now contends that after it rejected his plea agreement, the trial court was required to permit him to withdraw his guilty plea. The State responds that appellant has waived this issue by failing to object at trial. We agree with the State.

A plea bargain is a contract between the State and the defendant, and they are bound by the terms of that agreement once it is accepted by the judge. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will follow or reject the agreement. *Id.* at 332. Article

–2–

26.13(a)(2) of the code of criminal procedure provides that, if the court rejects the plea-bargain agreement, the defendant shall be permitted to withdraw his guilty plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2014).

The facts in *Moore* are quite similar to those here. Moore and the State reached a plea agreement. *Moore*, 295 S.W.3d at 330. At the plea hearing, the trial court offered to postpone sentencing with the condition that if Moore did not appear for sentencing, his plea would be treated as an open plea. *Id.* Moore failed to appear for sentencing, and the trial court converted his plea into an open plea. *Id.* On appeal, Moore complained for the first time that he should have been allowed to withdraw his guilty plea after the court rejected the plea agreement. Noting that preservation of error is a systemic requirement of every appeal, the court of criminal appeals held that Moore failed to preserve error for review on appeal by not raising the error in the trial court.[1] *Id.* at 333; *see* TEX. R. APP. P. 33.1(a).

Appellant concedes that *Moore* is not in his favor. Citing *Caballero v. State*, he urges us to hold that article 26.13(a)(2)'s mandate that he be permitted to withdraw his plea is too clear and absolute to be subject to waiver. 587 S.W.2d 741 (Tex. Crim. App. 1979) (statute's prohibition against admitting into evidence incriminating statement made by defendant during examination or hearing on competency to stand trial was too clear and direct to be subject to waiver by failure to object). We decline to do so and will instead follow the court of criminal appeals's directive in *Moore* that appellant's complaint may not be raised for the first time on appeal. *See Moore*, 295 S.W.3d at 332–33; *see also Perry v. State*, 703 S.W.2d 668, 671–73 (Tex. Crim. App. 1986) (declining to extend *Caballero* to suggestive pretrial identification procedure). We overrule appellant's issue.

---

[1] The court of criminal appeals indicated the trial court erred by unilaterally adding non-negotiated terms to the plea-bargain agreement. *Moore*, 295 S.W.3d at 332–33. But Moore failed to preserve that error by not raising it at the plea hearing or the sentencing hearing. *Id.* Appellant did not raise this complaint in the trial court and does not raise it on appeal.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47

140882F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMY DEMONT WAITES, Appellant

No. 05-14-00882-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1262008-P.
Opinion delivered by Justice Brown. Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of April, 2015.