WR-82,875-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/17/2015 9:52:07 AM
Accepted 4/17/2015 11:17:39 AM
ABEL ACOSTA
CLERK

## NO. WR-82,875-01 and WR-82,875-02

RECEIVED
COURT OF CRIMINAL APPEALS
4/17/2015
ABEL ACOSTA, CLERK

## IN THE TEXAS COURT OF CRIMINAL APPEALS

### In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator

---

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION FROM CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT, FORT BEND COUNTY

---

### Real Party in Interest's Response to Relator's Motion for Leave to File Petition for Writs of Mandamus and/or Prohibition

### *Death Penalty Case*

**ROBERT A. MORROW**
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: 281-379-6901
ramorrow15@gmail.com

**AMY MARTIN**
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: 713-320-3525
amymartinlaw@gmail.com

Attorneys for Albert James Turner

**IDENTITY OF PARTIES AND COUNSEL**

The parties identified by the Relator are correct and does not require supplementation. Tex. R. App. P. 52.4(a).

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL_____2

INDEX OF AUTHORITIES _____3

I.  INTRODUCTION  _____5

II. ARGUMENT _____7

   Respondent's act is not purely ministerial_____7

   Relator has an adequate remedy at law _____11

   Trial Counsel is not a liar_____13

III. CONCLUSION _____16

CERTIFICATION OF COMPETENT EVIDENCE _____18

CERTIFICATE  OF COMPLIANCE _____18

CERTIFICATE OF SERVICE _____19

# INDEX OF AUTHORITIES

## CASES

*Bell v. State*, 614 S.W.2d 122, 123 (Tex. Crim. App. 1981) ...................................14

*Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) ............................8

*Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979) *cert. granted, judgment vacated on other grounds,* 453 U.S. 902 (1981) ...................................7

*Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979) .........................10

*Ex parte Alba*, 256 S.W.3d 682 (Tex. Crim. App. 2008) ...........................................6

*Ex parte Watson*, 606 S.W.2d 902 (Tex. Crim. App. 1980) ...............................10

*Gomez v. State*, 704 S.W.2d 770, 773 (Tex. Crim. App. 1985) ..............................15

*Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005) ...................................................................................12

*Guy v. State*, 160 S.W.3d 606, 617 (Tex. App. 2005) ..............................................16

*In re State ex re. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) .............6

*Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990) ........................ 14, 15

*Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) .............................12

*Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987............................... 12

*State ex rel. Healey v. McMeans*, 884 S.W.2d 772 (Tex. Crim. App. 1994) ......6, 11

*State ex rel. Wade v. Mays*, 689 S.W.2d 893, 900 (Tex. Crim. App. 1985).............6

*State ex rel. Young v. Sixth Judicial Dist. Court of Appeals At Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) .............................................................8

*Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981). .......................................................................................8

*Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013) ................. *passim*

**RULES & STATUTES**

Texas Rule of Appellate Procedure 52.4(a).............................................................2

Texas Code of Criminal Procedure Article 44.01(c) ....................................11

**NO. WR-82,875-01 and WR-82,875-02**

**IN THE TEXAS COURT OF CRIMINAL APPEALS**

**In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator**

---

**REAL PARTY IN INTEREST'S RESPONSE TO REALTOR'S MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION**

---

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

Now comes Albert James Turner, the real party in interest, by and through his undersigned counsel, and files this Response to the State's Motion for Leave to File Petition for Writs of Mandamus and/or Prohibition, and requests that this Court deny Relator leave to file and lift the stay of Mr. Turner's current competency trial.

## I. INTRODUCTION

Relator argues that this Court should grant leave to file because this Court has prohibited Respondent from considering Mr. Turner's present competency when evaluating feasibility for a retrospective competency trial and prohibited him from

5

empaneling a jury for any reason other than retrospective competency. Regardless of arguments about jurisdiction, the merits of the underlying cause, and the propriety of re-considering this Court's decision on direct appeal, the issue here is Relator's inability to meet the stringent and well-established requirements for this Court to grant leave to file a petition for a writ of mandamus[1].

Mandamus is a drastic remedy, only to be used in extraordinary situations when (1) the act sought to be compelled is ministerial and (2) the party seeking relief shows that there is no adequate remedy at law. *In re State ex re. Weeks*, 391 S.W.3d 117 (Tex. Crim. App. 2013); *State ex rel. Healey v. McMeans*, 884 S.W.2d 772 (Tex. Crim. App. 1994).

"[A]n extraordinary writ will not issue when it is necessary to try and decide conflicting claims or collateral questions which require legal controversy for their settlement." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 900 (Tex. Crim. App. 1985). Relator addresses several collateral questions in its Petition, illustrating that Mandamus in not appropriate.

---

[1] The same requirements apply to writs of prohibition. *See Ex parte Alba*, 256 S.W.3d 682 (Tex. Crim. App. 2008).

6

## II. ARGUMENT

> On remand, the trial court shall first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations.

*Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013)(footnotes omitted).

### RESPONDENT'S ACTION IS NOT PURELY MINISTERIAL

### *What to do, not how to do it*

Relator is asking this Court to force Respondent to ignore the evidence, research, and arguments that he has reviewed and evaluated and "to determine the feasibility of a retrospective competency trial on factors other than Turner's present competency." *See Relator's Petition*, p. 23. Relator does not state what "factors" it believes should be considered, leaving it to Respondent to properly exercise his discretion.

A feasibility determination is required to overcome the acknowledged and evident problems with retrospective competency trials. *Brandon v. State,* 599 S.W.2d 567, 573 (Tex.Crim.App.1979) (citing *Dusky v. United States,* 362 U.S. 402, (1960)). However, there is nothing ministerial about *conducting* a feasibility determination. Respondent must identify and consider all "pertinent factors" to reach a conclusion regarding the Constitutionality of a retrospective competency trial based upon the unique facts in Mr. Turner's case. This situation is analogous to

7

a trial court's ministerial duty to rule on a proper motion, but there is not a ministerial duty to rule a certain way. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Relator must show that it "has a *clear* right to the relief sought-that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)(emphasis in original).

This Court's directive to Respondent was clear:  determine if a retrospective competency trial is presently feasible.  This Court explicitly instructed the Respondent on what he must do when making that determination: take into account (1) how much time has passed, (2) what evidence is available, and (3) "any other pertinent considerations."  The law does not prohibit Respondent's actions—it authorizes it.  The opinion requires Respondent to account for "pertinent considerations," but does not name or describe them further.  Respondent must necessarily exercise discretion to follow this Court's Order.

An act is ministerial "when the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981).

There is no checklist of factors that a trial court must consider for a feasibility

8

determination. Relator is unable to provide specifics regarding particular factors to be considered. Relator cannot point to any authority that spells out Respondent's duty when determining feasibility other than the requirements in this Court's opinion.

The only limitation this Court placed upon Respondent was that the considerations must be "pertinent." Respondent has discretion to identify and evaluate pertinent considerations in this case. Relator never asserts that identifying "pertinent considerations" is ministerial.

### *No jury was ever called to determine feasibility*

Exercising his discretion, after reviewing all of the evidence and listening to the arguments of counsel, Respondent identified current competency as a "pertinent consideration."

Further exercising his discretion, Respondent decided that resolution of the issue of current competency would be best accomplished with assistance from a jury. Current competency is just one "pertinent consideration" Respondent identified. For months, Respondent has reviewed briefing by counsel, reports of unsuccessful psychological evaluations, exhibits submitted by the parties, and other voluminous amounts of information in order to make a sound decision regarding the feasibility of a retrospective competency trial in this case.

Respondent has never taken any action to empanel a jury, or expressed any

9

opinion that a jury would be proper, for the purpose of determining feasibility.

Relator argues that *Ex parte Watson*, 606 S.W.2d 902 (Tex. Crim. App. 1980) is controlling; in fact, it is inapplicable. Watson was given a pre-trial competency trial in which a jury found him "sane to enter a plea." This Court found error in that proceeding and remanded the case for a feasibility determination based on the facts of that case. On appeal from the retrospective competency trial, despite overwhelming evidence to the contrary, Watson argued that a *feasibility determination* had not been made, and if it had, it should have been made by a jury. Current competency was never an issue in *Watson*. And, here, Respondent has never suggested that a jury should determine feasibility.

Relator points out that Respondent does not believe Mr. Turner is incompetent and that opinion is "plainly spread in the record." *See Relator's Petition*, p. 18. It is to Respondent's credit that he seeks a jury's perspective.

### *Case-by-case basis*

Determining the feasibility of a retrospective competency trial is done on a case-by-case basis; it is fact specific. *Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979). A retrospective determination of competency *may* be made within the limits of due process, depending on the facts of the particular case. *Id.* If the application of the law to the facts will vary in every instance, the act is not ministerial.

10

## RELATOR HAS AN ADEQUATE REMEDY AT LAW

Article 44.01(c) of the Texas Code of Criminal Procedure provides Relator with an adequate remedy: "The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment."

This is not a pre-trial competency trial. This is not a competency trial that is being held during trial. This is not a post-conviction pre-appeal competency trial. Mr. Turner has been convicted and has appealed the judgment. This Court specifically instructed Respondent to forward the record of these proceedings, regardless of the outcome, so that the appeal can be reinstated.

Relator's impatience is not a proper basis to ignore the requirements for a Writ of Mandamus. Mandamus is not meant to provide additional appellate avenues. It is only to be used "to correct judicial action *that is clearly contrary to well-settled law,* whether that law is derived from a statute, rule, or opinion of a court." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (emphasis in original). In this case, Relator has not cited to any well-settled law from any source that is clearly contrary Respondent's actions.

### *Relator agrees*

Relator agrees that this Court's instruction "seems to give Relator an adequate remedy." *See Relator's Petition*, p. 8. And Realtor describes the remedy available to it under Article 44.01(c). However, Relator believes that utilizing that remedy

11

would "be so uncertain, tedious, burdensome, slow, inconvenient,  inappropriate, or ineffective as to be deemed inadequate." *Smith v.  Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987).  Relator lists many potential witnesses, exhibits, and other issues related to the case generally that appear completely irrelevant to a current competency trial.

The inconvenience of calling witnesses and transcribing many hours of jail calls is not sufficiently burdensome enough to ignore the adequate remedy at law that Relator agrees is available[2].

This Court has jurisdiction and can review any issue in this case whether it is raised by a party or not.  *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012).  Relator will have an opportunity to attack any alleged errors upon reinstatement.

---

[2] This Court has provided examples of exigent circumstances overcoming a future remedy:

> When, for instance, a trial court erroneously removed appointed counsel before trial, we found that the defendant had no adequate remedy, for mandamus purposes, despite the availability of appeal sometime after trial. Using "the appellate process in this situation to correct this particular ill would be too burdensome and would only aggravate the harm and most likely would result in a new trial compelling relator to again endure a trip through the system." In the pretrial habeas corpus context, we have found that appeal after trial was not an adequate remedy for certain double jeopardy claims because protection of the constitutional right of double jeopardy requires review before exposure to jeopardy occurs.

*Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (citations omitted) (quoting *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App.1987)).

Relator has failed to show that (1) Respondent's act is purely ministerial and (2) that it has no adequate remedy at law. Mandamus relief is not proper.

**TRIAL COUNSEL IS NOT A LIAR**

### *Improper forum*

Relator argues that this Court should reconsider its decision to remand this case. Although it is understandable that Relator would seek this relief, it is improper to do so here. In a Mandamus proceeding the only issue is Relator's inability to show that Respondent's actions are purely ministerial and that it does not have an adequate remedy at law. A blatantly irrelevant argument confuses the issues and wastes the Court and the parties' time.

### *"uninvited and unsubstantiated"*

In its attempt to re-litigate finalized issues, Relator personally and professionally attacks Mr. Turner's trial counsel Pat McCann:

> Turner's attorney, Pat McCann is well known to this Court, the trial court, and the public as a zealous attorney who has kept his clients alive on death row for many years through his litigious efforts. The trial court observed counsel's interactions with Turner and determined that Turner did not like his counsel, not that Turner was incompetent, and the trial court could easily have seen through trial counsel's strategy to save Mr. Turner's life by having him found incompetent in concert with Dr. Axelrad's report. *See, Commonwealth v. Blakeney,* No. 653 CAP, 2014 WL 7392249,*29 (Pa. Dec. 29, 2014) (Castille, C.J., concurring) ("As I explained in *Commonwealth v. Bomar*, 104 A.3d 1179 (Pa. 2014), retrospective competency claims are particularly ripe for abuse by anti-death penalty advocacy groups like the [Federal Community

13

Defender's Office], like-minded experts in their effective employ, and capital defendants themselves, who obviously have nothing to lose by abetting a fraudulent claim").

*See Relator's Petition* (footnotes omitted), p. 20

Relator's argument demonstrates contempt for trial counsel and the legal proceedings in this case. Unashamedly, Relator disparages Mr. McCann as an anti-death penalty activist who will do anything, including gaming the legal system and strategize to have a competent client found incompetent "in concert with Dr. Axelrad's report."

Texas courts have a history of preserving the integrity of the legal profession by explicitly condemning and often reversing convictions based upon comments of the type that Relator makes in its Petition. This Court has reversed and remanded when a prosecutor commented that defense counsel "represents the criminal. His duty is to see that his client gets off even if it means putting on witnesses who are lying." *Bell v. State*, 614 S.W.2d 122, 123 (Tex. Crim. App. 1981).

Mr. McCann has not represented Mr. Turner since the conviction and death sentence. Relator is not responding to any legal argument that has been put forth in this proceeding. When made in closing arguments, these comments are the type of "uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney" for which this Court has a "special concern." *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990).

14

In *Gomez v. State*, this Court described an improper argument by a prosecutor:

> In the instant case, the State, in its second improper argument, referred to appellant's attorney by name, made a specific uninvited and unsubstantiated accusation, and linked that accusation to the evidence raised in the case. Further, appellant objected, but the trial court overruled the objection. Under these circumstances, we do not believe that this second argument was harmless.

*Gomez v. State*, 704 S.W.2d 770, 773 (Tex. Crim. App. 1985).

Here, Relator names Mr. McCann specifically and intimates that his representation of clients is for publicity and in pursuit of a social cause. This is the equivalent of a closing argument in which a prosecutor says that defense attorneys "know how to get people off the charges they are charged with." *Orona v. State*, 791 S.W.2d 125, 127-28 (Tex. Crim. App. 1990).

Relator accuses Mr. McCann of fraudulently claiming that a client was incompetent and by swearing to facts supporting that claim in an affidavit.[3] This accusation is directly followed by a comment about activists, hired experts, and death row inmates that make fraudulent retrospective competency claims[4].

---

[3] Relator suggests that Respondent "could easily have seen through trial counsel's strategy." If this is true, Relator is suggesting that Respondent allowed Mr. McCann to perpetrate the fraud.

[4] Given Relator's attempt at parallel argument, it appears that Dr. Axelrad is being equated to one of the "like-minded experts in their effective employ" that also abuse the system. Dr. Axelrad was never the defense's expert at trial.

15

Relator's character assassination of trial counsel is an attempt to somehow strengthen its legal position with an argument that "refers to defense counsel personally . . . and explicitly impugns defense counsel's character. *Guy v. State*, 160 S.W.3d 606, 617 (Tex. App. 2005).

These cases, for obvious reasons, deal with jury argument. However, attacks in public written pleadings filed with this Court are at least, if not more, offensive. In this case, Relator is not in front of an audience subject to being prejudiced and inflamed like a jury may be. Instead, this Court is in a position to thoughtfully consider Relator's tactic when evaluating the credibility of its pleadings and to address Relator's actions as it sees fit.

III.   CONCLUSION

This Court was very straightforward when it instructed Respondent to determine present feasibility of a retrospective competency trial. The instructions included a mandate of what he must consider. This Court did not place any limitations on Respondent's required "case-by-case" evaluation. It is impossible to consider this feasibility act to be ministerial. The facts and procedural posture of this case are unique and Relator does not have a "clear right" to a particularized process with specifically chosen factors. And, Relator has a straightforward adequate remedy at law under the Code of Criminal Procedure.

16

WHEREFORE, PREMISES CONSIDERED, the real party in interest respectfully requests that this Honorable Court deny Relator's Motion for Leave to File Petition for Writs of Mandamus and/or Prohibition and lift the stay of his current competency trial.

Respectfully submitted,

**/s/ Robert A. Morrow**

ROBERT A. MORROW
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: (281) 379-6901
ramorrow15@gmail.com

**/s/ Amy Martin**

AMY MARTIN
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: (713)320-3525
amymartinlaw@gmail.com

## CERTIFICATE OF COMPETENT EVIDENCE

I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

**/s/ Robert A. Morrow**
ROBERT A. MORROW

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), **I** certify that this petition contains 3,248 words in its entirety. This is a computer-generated document created in Microsoft Word using a conventional 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count of the computer program used to prepare this document.

**/s/ Robert A. Morrow**
Robert A. Morrow

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Response to the State's Motion for Leave to File Petition for Writs of Mandamus and/or Prohibition was delivered electronically on April 17, 2015 to:

1. **Relator**

The State of Texas

*Represented by:*

John F. Healy, Jr., Fort Bend County District Attorney

Fred Felcman, Assistant District Attorney
Fred.Felcman@fortbendcountytx.gov
State Bar No. 06881500

Gail Kikawa McConnell, Assistant District Attorney
Gail.McConnell@fortbendcountytx.gov
State Bar No. 11395400

301 Jackson St.
Richmond, Texas 77469
Telephone: 281-341-4460
Fax: 281-341-4440

2. **Respondent**

The Honorable Brady Elliott
Trial Court Judge
368th Judicial District Court of Fort Bend County, Texas
1422 Eugene Heimann Circle
Richmond, Texas 77469

/s/ Robert A. Morrow
ROBERT A. MORROW

19