

## CAUSE NO. 12-21-00124-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| **BILLY RAY PEGUES,** **APPELLANT** | } | **APPEALED FROM 217TH** |
| **V.** | } | **DISTRICT COURT IN AND FOR** |
| **THE STATE OF TEXAS,** **APPELLEE** | } | **ANGELINA COUNTY, TEXAS** |

### ORDER

Billy Ray Pegues appeals his conviction for aggravated robbery. He raises seven issues for our consideration. We abate the appeal and remand the case to the trial court with instructions.

### BACKGROUND

Appellant was indicted for aggravated robbery, a first-degree felony.[1] Thereafter, the trial court appointed Appellant counsel and referred Appellant to Joseph Kartye, a licensed psychologist, for a competency evaluation.[2] Dr. Kartye's evaluation was filed with the court on December 10, 2019.

According to Dr. Kartye's report, he informed Appellant of the purpose, scope, and possible outcomes of the competency examination. Dr. Kartye told Appellant that he was required to relay his findings to the trial court, and that Appellant could refuse to answer any questions. At this point in the examination, Appellant told Dr. Kartye that he would not answer

---

[1] TEX. PENAL CODE ANN. §§ 12.32(a) (West 2019) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."), 29.03(a)(2) (West 2019) ("A person commits an offense if he commits robbery...and he...uses or exhibits a deadly weapon.").

[2] There is no motion from either Appellant or the State suggesting Appellant was incompetent, nor did the court note on its docket sheet why Appellant was sent for a competency evaluation.

any questions. Dr. Kartye noted that Appellant was "defensive but also belligerent and confrontive." Appellant returned to his cell.

Dr. Kartye interviewed the lieutenant at the Angelina County jail, who informed Dr. Kartye that Appellant was housed in a cell with other inmates, interacted appropriately with other inmates and staff, exhibited no unusual behavior, and was not taking any medications. Dr. Kartye reviewed Appellant's jail medical records but found no medical or psychiatric history to reference. He also reviewed two letters Appellant wrote to the district attorney. Ultimately, Dr. Kartye opined that Appellant had significant psychiatric issues, including paranoid delusions and grandiosity, which would interfere with his ability to assist his attorney. Dr. Kartye listed paranoid schizophrenia as his diagnostic impression and found Appellant incompetent to stand trial. He recommended that Appellant be transferred to a psychiatric facility for additional evaluation, diagnosis, and treatment.

On January 15, 2020, Appellant appeared before the trial court with his counsel and State's counsel for a pretrial hearing. At the hearing, Appellant's counsel told the court that Appellant disagreed with Dr. Kartye's findings and believed himself competent to stand trial. The court asked Appellant several questions about his competency. After questioning Appellant, the trial court declared him competent to stand trial.

On September 16, Appellant's counsel filed a subsequent motion for a psychiatric evaluation of Appellant to determine his competency to stand trial. On September 17, the trial court appointed Dr. Kartye to conduct a second competency evaluation of Appellant. However, the record contains no report, nor is there any indication from the record that Appellant was ever evaluated a second time prior to trial.[3]

Appellant's trial began on July 19, 2021. The jury convicted Appellant of aggravated robbery and sentenced him to life in prison. Appellant filed a motion for new trial, which was denied. This appeal followed.

## COMPETENCY TO STAND TRIAL

In his first issue, Appellant argues that the trial court abused its discretion by determining Appellant competent to stand trial without holding a formal competency trial. The State elected not to file a brief.

## Standard of Review and Applicable Law

---

[3] The trial court noted the motion and order on the docket sheet, but there is no notation as to why an evaluation was not performed.

As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial. ***Boyett v. State***, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). The Legislature has codified this due-process requirement by setting forth a substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.003, 46B.004, 46B.005 (West 2018). Substantively, incompetency to stand trial is shown if the defendant does not have: "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." ***Id.*** art. 46B.003(a).

Procedurally, a trial court employs a two-step process for making competency determinations before it may ultimately conclude a defendant is incompetent to stand trial. ***Boyett***, 545 SW.3d at 563. The first step is an informal inquiry, and the second step is a formal competency trial. ***Id.*** An informal inquiry is called for upon a "suggestion" from any credible source that the defendant may be incompetent. ***Id.***; TEX. CODE CRIM. PROC. ANN. art. 46B.004(a),(c),(c-1). At the informal inquiry stage there must be "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). If that requirement is met, then the trial court must order a psychiatric or psychological competency examination, and with some certain exceptions, it must hold a formal competency trial. ***Id.*** arts. 46B.005(a), (b), 46B.021(b) (West 2018).

Although a defendant is presumed competent and bears the ultimate burden of proving incompetence to stand trial, Article 46B does not allow a "trial court to stand by and wait for a defendant to raise the issue." ***Clark v. State***, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, pet. ref'd). Instead, Article 46B places certain responsibilities on the trial court to inquire into the matter independently and force the parties to litigate the issue, if necessary. ***Id.***; *see also* TEX. CODE CRIM. PROC. ANN. arts. 46B.003(b), 46B.004(a), 46B005(a). We review the trial court's decision on the issue of competency for abuse of discretion. ***Stine v. State***, 300 S.W.3d 52, 60 (Tex. App.—Texarkana 2009, pet. ref'd, untimely filed).

**<u>Analysis</u>**

As previously discussed, under the current statutory scheme, any "suggestion" of incompetency to stand trial requires the trial court to conduct an informal inquiry to determine whether evidence exists to justify a formal competency trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). Generally, the trial court conducts an informal inquiry after any "suggestion" that Appellant is incompetent. *See **id.*** If after an informal inquiry, the court determines that evidence exists to support a finding of incompetency, the court shall order a competency

examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case. *Id.* art. 46B.005. The trial court may appoint one or more disinterested experts to examine the defendant and report to the court on the competency or incompetency of the defendant; and testify as to the issue of incompetency of the defendant at any trial or hearing involving that issue. *Id.* art. 46B.021(a)(1)-(2).

If, during the informal inquiry, the trial court finds "there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial," then the trial court is required to (1) stay all other proceedings in the case; (2) appoint an expert to conduct a competency examination; and (3) move forward with a formal competency trial. *Clark*, 592 S.W.3d at 926; TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), 46B.005(a)-(b), 46B.021(b). The trial court's requirement to "hold a formal competency trial" is mandatory, unless "(1) neither party's counsel requests a trial on the issue of incompetency, (2) neither party's counsel opposes a finding of incompetency, and (3) the court does not, on its own motion, determine that a trial is necessary to determine incompetency." TEX. CODE CRIM. PROC. ANN. art. 46B.005(c).

Notably, the statute's plain language indicates the exception in Article 46B.005(c) only applies when the parties and the trial court agree that the defendant is incompetent, not when they agree that he is competent. *Id.*; *Clark*, 592 S.W.3d at 926. Accordingly, the statute allows the trial court to forego a competency trial only when all parties and the court agree the defendant is incompetent. *Clark*, 592 S.W.3d at 926. Absent this exception, the trial court must conduct a competency trial when there is some evidence that the defendant may be incompetent to stand trial. *Id.* Thus, while the parties and the trial court may agree that the defendant is incompetent without a formal competency trial, where "there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial," the trial court may not find that he is competent without holding a formal competency trial. *Id.*

In this case, the trial court did not follow the procedures outlined in the statutory framework. Instead, the trial court referred Appellant to Dr. Kartye for a competency evaluation, presumably at a credible suggestion of incompetency. Thereafter, Dr. Kartye made a report to the court in which Dr. Kartye opined that Appellant was incompetent to stand trial and should be transferred to a psychiatric facility for competency restoration. The trial court essentially ignored Dr. Kartye's findings, questioned Appellant, and deemed him competent. This is not an acceptable process under the law. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005 (c)(1)-(3); *Clark*, 592 S.W.3d at 926. Dr. Kartye's report certainly provided "more than a scintilla" of evidence that would support a rational finding of fact that Appellant was incompetent to stand

trial.  Therefore, a formal competency trial was required.  *See* **Clark**, 592 S.W.3d at 926.  We sustain Appellant's first issue.


## CONCLUSION

Having sustained Appellant's first issue, we *abate* the appeal and *remand* the cause to the trial court. On remand, the trial court shall first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations.[4] Should the trial court deem a retrospective competency trial to be feasible, it shall proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure.  Regardless of whether the trial court deems a retrospective competency trial to be feasible, the record of the proceedings on remand shall then be returned to this Court.[5]


Accordingly,

It is ORDERED that (1) on or before **September 28, 2022**, the trial court shall determine whether a retrospective competency trial is feasible and, if it is, conduct such trial; and (2) prepare written findings on or before **October 7, 2022** as to whether a retrospective competency trial is feasible and the results of any such trial.

It is FURTHER ORDERED that a supplemental clerk's record including the trial court's written findings, along with any supporting documentation and orders, be certified to this Court **on or before October 17, 2022**.

It is FURTHER ORDERED that the court reporter file a supplemental reporter's record of any proceedings associated with a retrospective competency trial **on or before October 17, 2022**.

---

[4] *See* George E. Dix & John M. Schmolesky, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 31:81, at 89–90 & n.10 (3rd ed. 2011) (citing, *e.g.,* **Torres v. State**, 593 S.W.2d 717, 719 (Tex. Crim. App. 1980)) (remanding to trial court to decide, *inter alia,* whether "a nunc pro tunc determination of appellant's competency is not possible"); **Ex parte McKenzie**, 582 S.W.2d 153, 155 (Tex. Crim. App. 1979) (remanding case to the trial court to "determine if it is possible to conduct a nunc pro tunc competency hearing and, if it is, to hold such a hearing" under the then-extant competency-to-stand-trial statute); **Ex parte Winfrey**, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979) (holding that the original competency hearing suffered from a flawed jury instruction and remanded to trial court for a determination whether, *inter alia,* a retrospective competency hearing was feasible)).

[5] This Court elects not to dispose of Appellant's other points of error before remanding for a retrospective competency determination.  A formal competency trial will address Appellant's second and third issues, in which he makes other complaints about the trial court's competency rulings.  In his fourth and fifth issues, Appellant argues that the trial court abused its discretion by admitting a fingerprint report and failing to allow his alibi witness to testify remotely.  In his sixth and seventh issues he argues that the trial court erred by conducting a hearing on his motion for new trial in his absence, and by denying the motion.  Pending a competency trial, the resolution of these claims may prove unnecessary.  In order to avoid resolving Appellant's points of error piecemeal, and in an effort to avoid rendering advisory opinions, we will abstain from addressing Appellant's other issues until it should become necessary to do so in our opinion after remand. *See* TEX. R. APP. P. 47.1.

FILE COPY

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this the 7th day of September 2022, A.D.



*Katrina McClenny*
KATRINA MCCLENNY, CLERK