Shane S. GREENE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–05–00783–CR.

Court of Appeals of Texas,
San Antonio.

May 14, 2008.

Discretionary Review Refused
Sept. 10, 2008.

Angela J. Moore, Chief Public Defender, San Antonio, TX, for Appellant.

Crystal D. Chandler, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice (not participating).

## OPINION ON REINSTATEMENT AND FURTHER REHEARING

CATHERINE STONE, Justice.

The facts of the underlying case are fully discussed in the previous opinion is-

sued by this court; therefore, we mention only those additional facts that are necessary to address the issue of whether a retrospective competency inquiry is proper under the circumstances presented. After further consideration, this court has determined that a retrospective competency inquiry would deny appellant Shane Greene due process under the facts of this case. We therefore hold that Greene is entitled to a new trial in the interest of justice. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for a new trial.

Following the issuance of our opinion on rehearing on February 7, 2007,[1] Greene was evaluated by medical personnel and declared incompetent on April 16, 2007. Greene's retrospective competency inquiry was thus postponed and Greene was referred to the Texas Department of State Health Services ("TDSHS") for psychiatric treatment. On September 20, 2007, TDSHS notified the trial court that Greene was deemed "mentally incompetent to stand trial with no possibility of regaining competence in the foreseeable future." The TDSHS, however, determined Greene did not require further inpatient psychiatric treatment for his condition and returned Greene to the custody of the Bexar County Adult Detention Center. On October 17, 2007, the trial court reported to this court that it would continue to monitor Greene's condition indefinitely.

Greene was evaluated by a state psychiatrist on October 29, 2007, and was found to be competent following his evaluation. Greene's attorney nevertheless "expressed reservations regarding [Greene's] competency to stand trial." In an abundance of caution, the trial court ordered Greene to undergo an additional competency evaluation. This evaluation, like the earlier psy-chiatric evaluation, suggested Greene was competent to proceed on January 24, 2008.

On February 11, 2008, Greene asked this court to reconsider whether a retrospective competency inquiry was feasible under the circumstances of this case. This court denied Greene's request, and we ordered the trial court to conduct a retrospective inquiry into Greene's competency no later than March 24, 2008. Before the trial court proceeded with its retrospective competency inquiry, however, the court ordered Greene to undergo a psychiatric evaluation to determine whether he was competent to participate in his retrospective competency determination. A state psychiatrist evaluated Greene's condition on March 17, 2008, and the psychiatrist determined that Greene was not competent to proceed. As a result of Greene's psychiatric evaluation, Greene was referred to the TDSHS for psychiatric treatment and his retrospective competency inquiry was again postponed indefinitely.

 Greene's fluctuating mental condition has made it impracticable for the trial court to conduct a retrospective inquiry into Greene's competency to stand trial in a timely or judicially efficient manner. It has been almost three years since Greene's conviction, and he has yet to maintain a level of competence sufficient to proceed with any judicial proceedings. A retrospective competency inquiry would be meaningless if Greene does not possess at least some level of competency at the time the inquiry is conducted. Based on Greene's most recent psychiatric evaluation, Greene is expected to remain incompetent for the indefinite future. Consequently, we are left to speculate as to when, if ever, the retrospective competency inquiry may occur in this case. While retrospective competency inquiries may be

1. See *Greene v. State*, 225 S.W.3d 324 (Tex. App.–San Antonio 2007, no pet.).

conducted consistent with the requirements of due process in most cases, *see Barber v. State,* 737 S.W.2d 824, 828 (Tex. Crim.App.1987) (recognizing a retrospective determination of the competency of an accused "can be made within the limits of due process depending upon the quality and quantity of the evidence available"), we are of the opinion that the present case poses an exception.

 There are many difficulties inherent in making a retrospective determination of a defendant's competency to stand trial, including: (1) the passage of time; (2) the present recollection of expert witnesses who testified at the original hearing; and (3) the ability of the judge and jury to observe the subject of their inquiry. *Id.; Caballero v. State,* 587 S.W.2d 741, 743 (Tex.Crim.App.1979). The fact that Greene is presently unable to proceed with any judicial proceedings nearly three years after his conviction is problematic because his current mental condition is expected to continue indefinitely. Clearly, Greene's ability to assist his trial attorney will be critical to the outcome of issues to be addressed at the retrospective competency determination and he should not be deprived of his right to assist counsel. However, waiting for Greene to come to a point where he could actually assist his trial attorney could prove to be an exercise of futility since Greene has been unable to maintain a level of competency for any significant period of time since his conviction. Greene's fluctuating mental condition, combined with the mounting passage of time, suggests that a retrospective competency inquiry is simply not feasible in this case.

Given that Greene's present incompetency is expected to continue indefinitely, we conclude that a retrospective competency inquiry is not feasible and hold that Greene is entitled to a new trial in the interest of justice. *See* TEX.R.APP. P. 43.3; 43.6. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for a new trial.