WR-80,559-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/21/2015 12:36:30 PM
Accepted 1/21/2015 4:42:01 PM
ABEL ACOSTA
CLERK

NO. _____

RECEIVED
COURT OF CRIMINAL APPEALS
1/21/2015
ABEL ACOSTA, CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## IN RE ALBERT JAMES TURNER

Original Proceeding from the 368th District Court of Fort Bend County, Texas

The Honorable Brady Elliott, Presiding Judge

Trial Court Cause No. 10-DCR-054233

## PETITION FOR WRIT OF MANDAMUS AND WRIT OF PROHIBITION

### *Death Penalty Case*

**ROBERT A. MORROW**
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: 281-379-6901
ramorrow15@gmail.com

**AMY MARTIN**
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: 713-320-3525
amymartinlaw@gmail.com

Attorneys for Albert James Turner

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 52.3(a), the Relator identifies the following parties and the names and address of counsel:

1. **Relator**

    Albert James Turner

*Represented by:*

> Robert A. Morrow
> State Bar No. 14542600
> 24 Waterway Ave., Suite 660
> Woodlands, Texas 77380
> Telephone: 281-379-6901
> ramorrow15@gmail.com
>
> Amy Martin
> State Bar No. 24041402
> 202 Travis St., Suite 300
> Houston, Texas 77002
> Telephone: 713-320-3525
> amymartinlaw@gmail.com

2. **Respondent**

> The Honorable Brady Elliott
> Trial Court Judge
> 368th Judicial District Court of Fort Bend County, Texas
> 1422 Eugene Heimann Circle
> Richmond, Texas 77469
> Telephone: 281-341-8610
> Fax: 281-341-8614

3. **Real Party in Interest**

The State of Texas

*Represented by:*

John F. Healy, Jr.
Fort Bend County District Attorney

Fred Felcman Assistant Criminal District Attorney
1422 Eugene Heimann Circle
Richmond, Texas  77469
Telephone: 281-341-4460
Fax: 281-341-4440
Fred.Felcman@fortbendcountytx.gov

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL _____2

TABLE OF AUTHORITIES _____5

I.  INTRODUCTION _____6

II. STATEMENT OF THE CASE _____6

III. STATEMENT OF JURISDICTION _____7

IV. ISSUES PRESENTED _____7

   1.   THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A FEASIBILITY DETERMINATION OF RELATOR'S RETROSPECTIVE COMPETENCY TRIAL WITHOUT DUE PROCESS _____7

   2.   THE TRIAL COURT ABUSED ITS DISCRETION BY PROCEEDING TO RELATOR'S RETROSPECTIVE COMPETENCY TRIAL WITHOUT THE FEASIBILITY DETERMINATION THAT DUE PROCESS REQUIRES _____7

V.  STATEMENT OF FACTS _____8

VI. ARGUMENT _____13

VII. CONCLUSION AND PRAYER _____16

CERTIFICATION _____17

CERTIFICATE  OF COMPLIANCE _____17

APPENDIX_____18

CERTIFICATE OF SERVICE _____19

# TABLE OF AUTHORITIES

**CASES**

*Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979) *cert. granted, judgment vacated on other grounds,* 453 U.S. 902 (1981) ...................................8

*Buntion v. Harmon*, 827 S.W.2d 945 (Tex. Crim. App. 1982) ..............................14

*Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979) ........................13

*Drope v. Missouri*, 420 U.S. 162, 183 (1975) .........................................................8

*Ex parte Alba*, 256 S.W.3d 682 (Tex. Crim. App. 2008) ........................................13

*Ex rel. Hilbig v. McDonald*, 877 S.W.2d at 470 (Tex. Crim. App. 1982)...............14

*Greene v. State*, 264 S.W.3d 271 (Tex. App.—San Antonio 2008).........................8

*Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005) ....................................................................................15

*In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013)................................14

*In re Reece*, 341 S.W.3d 360, 375 (Tex. 2011) .......................................................7

*In re State ex re. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) ...........13

*Padilla v. McDaniel*, 122 S.W.3d 805, 806 (Tex. Crim. App. 2003).......................7

*Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987...............................15

*Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013), *reh'g denied (Apr. 2, 2014)*...................................................................................................6

*Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) ............................................14

**RULES**

Tex. R. App. P. 52.3(a) .................................................................................................2

Texas Rule of Appellate Procedure 9.4(i)(3)............................................................17

**CONSTITUTIONAL PROVISIONS**

Tex. Const. Art. V, § 5.................................................................................................7

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

Now comes Albert James Turner, Relator, by and through his undersigned counsel, and files this Petition for Writ of Mandamus and Petition for Writ of Prohibition, and would respectfully show the Court as follows:

## I.  INTRODUCTION

Relator requests that this Court enforce its opinion and direct Respondent to make the determination of feasibility that Due Process requires, prior to conducting a retrospective competency trial.  This Court has consistently held that a retrospective competency trial is only constitutionally permissible if it is found to be feasible, and Mr. Turner's case is no different.  *Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013), *reh'g denied (Apr. 2, 2014).*

## II. STATEMENT OF THE CASE

*Underlying proceeding*

Mr. Turner was, in violation of his Due Process rights, denied a competency trial during his capital murder trial in which he was sentenced to death.  This Court instructed the trial court to determine if a retrospective competency trial is feasible. If it is not, the record of the proceedings on remand are to be sent to this Court to resume appellate review.  *Id.*

6

*Respondent and Respondent's actions*

Respondent is The Honorable Brady Elliott presiding over the 268th District Court in Fort Bend County, Texas. Judge Elliott has denied Mr. Turner Due Process by neglecting to make a proper feasibility determination prior to the imminent retrospective competency trial.

## III. STATEMENT OF JURISDICTION

This Court has jurisdiction to issue writs of mandamus and writs of prohibition in criminal matters. *See* Tex. Const. Art. V, § 5; *see also In re Reece*, 341 S.W.3d 360, 375 (Tex. 2011). This is a capital murder case in which the death penalty was assessed and therefore this petition is properly filed in this Court. *Padilla v. McDaniel*, 122 S.W.3d 805, 806 (Tex. Crim. App. 2003).

## IV. ISSUES PRESENTED

1. **THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A FEASIBILITY DETERMINATION OF RELATOR'S RETROSPECTIVE COMPETENCY TRIAL WITHOUT DUE PROCESS**

2. **THE TRIAL COURT ABUSED ITS DISCRETION BY PROCEEDING TO RELATOR'S RETROSPECTIVE COMPETENCY TRIAL WITHOUT THE FEASIBILITY DETERMINATION THAT DUE PROCESS REQUIRES**

## V. STATEMENT OF FACTS

*Feasibility first*

This Court remanded this case because of a Due Process violation—an improper denial of a competency trial. The only possible remedy for that error is a retrospective competency trial. However, before conducting that trial, the trial court must "first determine whether it is presently feasible to conduct a retrospective competency trial." *Id.* The feasibility determination is critical because of the inherent difficulties in these types of trials. *Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979) *cert. granted, judgment vacated on other grounds,* 453 U.S. 902 (1981). The proceeding must be ruled feasible for it to go forward to ensure Mr. Turner's due process rights are protected. *Drope v. Missouri*, 420 U.S. 162, 183 (1975).

*Counsel's concerns*

At a May 30, 2014 hearing, defense counsel requested a competency exam to determine Mr. Turner's current competence[1]. *See* Exhibit B: *May 30, 2014 Reporter's Record on Determination of Retrospective Competency*. The request was

---

[1] The request was based, in part, upon the opinion *Greene v. State*, 264 S.W.3d 271 (Tex. App.—San Antonio 2008) in which the Court of Appeals found it unfeasible to have a retrospective competency trial because Appellant was incompetent and was "expected to remain incompetent for the indefinite future." *Id.* at 272.

prompted by counsel's unsuccessful attempts to communicate with Mr. Turner and particular concern for Mr. Turner's lack of understanding of the proceedings given the very unusual legal posture of his case.

His perception of his attorneys and the legal system seems to be the same as it was at trial, but it's radicalized. While he knows that this proceeding has something to do with competency, he believes it is a ruse so the judge and his lawyers can prevent him from filing motions; his motions have to be secret because if his lawyers hear about it they'll shut him down. He frequently refers back to issues at trial, such as the deposition video that he knows was edited to hide exculpatory information from the jury. He is angry that his appellate lawyer, who represents him at this stage, didn't bring this video issue up and knows that "he's the one that's really trying to kill me[2]."

*Feasibility in the future*

Respondent agreed that Mr. Turner's current competency was relevant to going forward. He also explained the standard he would use to determine competency: ". . . that is a finding that we've always followed in the law of

---

[2] Mr. Turner made these statements, and many more, during a jail phone call with his sister on November 3, 2014. Counsel does not have an official transcript of the call, but has listened to it, and many others, in its entirety. It is part of the discovery provided by the State.

competency that if the person won't cooperate and won't participate, they are determined to be competent." *Id.* at 8. Respondent ruled:

> Because the request is a due process request to assist counsel; and, therefore it would be the same standard as we use for trial. And I think that would – In the abundance of caution, I think that would be the best way to proceed; and we can get this done at the earliest convenience; and dependent upon their [experts] findings, we'll hold a hearing very shortly thereafter to proceed to the feasibility part of this issue.

*Id.*

Counsel for the state and Relator each chose experts to conduct evaluations[3]. 3 doctors attempted to interview Mr. Turner and he refused to see each of them[4].

***Feasibility forgotten***

On September 25, 2014, with no other hearing since May 30th, a 1 page Order was sent to the parties stating:

> On this day, the Court considered whether a retrospective competency trial is feasible. After hearing the arguments of counsel, and considering the evidence available, the Court finds that a retrospective competency trial is feasible.

---

3 The State requested the court appoint Dr. Mitchell Dunn and then requested Dr. Dunn be replaced with Dr. David Self, who had to withdraw from the case, and ultimately they chose Dr. Mark Moeller to attempt to interview Mr. Turner. The Defense asked Dr. Mary Alice Conroy to interview Mr. Turner. Ultimately Dr. Self was able to attempt to see Mr. Turner. Mr. Turner refused to see Dr. Moeller, Dr. Conroy, and Dr. Self.

10

*See* Exhibit C *Order on Feasibility of Retrospective Competency Trial*. Trial was set for December 1, 2014. The Order had been attached to the April 28, 2014 *State's Bench Memorandum on the Feasibility of a Retroactive Competency Hearing*[5]. *See* Exhibit D. In fact, there was never a discussion or presentation of the "evidence available" and there were no "arguments of counsel."

### Requesting review of the feasibility

On defense counsel's request, a pre-trial hearing was held on January 16, 2015 to ask the court to conduct a feasibility determination that meets the requirements of Due Process. *See* Exhibit E January 16, 2015 Reporter's Record Motions Hearing, Volume I. At that time, defense counsel also presented *Defendant's Motion to Address Mr. Turner's Current Incompetency and Brief in Support*. Exhibit F.

### Incomplete inquiry

Respondent denied Mr. Turner's request and maintained that he had already appropriately determined feasibility at the May 30th hearing. *Id.* at pp.12,15. However, on May 30th, the only decision that had been made was that Mr. Turner's current competency was relevant and that he should be evaluated by mental health

---

[5] The Memorandum included a list of video visits and phone calls from the time of trial that purportedly showed that there was enough evidence to have a retrospective competency trial.

11

professionals[6].   Respondent described what he believed to be the feasibility determination:

> I, in fact, conducted a hearing on May 30th of '14 where I found that it was feasible to go forward with the competency exam -- or feasible to go forward with a retrospective competency hearing. I also ordered at that time another competency exam with Mr. Turner, and he refused to talk to the doctors that I sent up to talk to him, so the feasibility issue has already been decided.

*Id.* at 12.  Respondent refers to "all the evidence that is going to be produced is his competency at the time of the Trial on the Merits." *Id.* at 13.  The criminal proceedings against Mr. Turner began 4 years ago.  As the prosecutor pointed out, among other things, Respondent is supposed to evaluate the "passage of time" and "the quality and quantity of the evidence." *Id.* at 10.   Additionally, this Court ordered the Respondent to consider "any other pertinent considerations" when making the feasibility determination. *Turner* at 696.

There has never been a review of anything other than Mr. Turner's refusal to speak with experts.  There has been no discussion regarding the availability of lay and expert witnesses, the recall of those witnesses, events that have occurred since the trial, or any other "pertinent considerations."

---

6 In its *State's Motion for Enforcement of the Trial Court's Limited Jurisdiction on Remand*, the State describes the hearing as "a procedural and scheduling hearing." Exhibit G p.2

Respondent only looked at one issue. That limited and superficial evaluation of the evidence is not what this Court ordered and it is not enough to constitute a feasibility determination consistent with Due Process such that a retrospective competency trial can be conducted.

*Straight to trial*

At present, there has been no testimony, evidence, or arguments regarding feasibility. Determining the feasibility of a retrospective competency trial is done on a case-by-case basis; it is fact specific. *Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979). Therefore, a proper determination requires facts. Due Process demands that Mr. Turner be given the opportunity to provide information to the trial court and that the information is thoughtfully considered.

## VI. ARGUMENT

### A. Applicable Mandamus Law

There are two requisites necessary in order to obtain relief on a writ of mandamus: (1) the act sought to be compelled is ministerial and (2) the party seeking relief must show that there is no adequate remedy at law[7]. *In re State ex re. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013).

---

7 The same requirements apply to writs of prohibition. *See Ex parte Alba*, 256 S.W.3d 682 (Tex. Crim. App. 2008).

***"Clear right to the relief sought"***

In this context, a ministerial act is one which is "clearly compelled by the legal authority extant in a given situation." *Ex rel. Hilbig v. McDonald*, 877 S.W.2d at 470 (citing *Buntion v. Harmon*, 827 S.W.2d 945, 947-48 n.2 (Tex. Crim. App. 1982)). As this Court has recognized, the clear right to the relief sought is the functional equivalent of a ministerial act. *Id*. (citation omitted).

To show "a clear right to the relief sought," Mr. Turner must show that the facts and circumstances of this case "dictate but one rational decision 'under unequivocal, well-settled . . . and clearly controlling legal principles.' " *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (quoting *Weeks,* 391 S.W.3d at 117)[8]. Exhibit H.

Upon remand, this Court ordered an evaluation of all "pertinent considerations" to determine if a retrospective competency trial was feasible. *Turner* at 696. The Respondent violated that Order and has not provided any forum in which Mr. Turner can present witnesses, submit evidence, and argue the feasibility issue.

---

[8] *In re McCann* is another Petition for a Writ of Mandamus arising out of the same this case. Judge Elliott was also the Respondent in that proceeding which addressed the right of a client (Mr. Turner) to control his legal file.

### *Mandamus/Prohibition is the only adequate remedy*

Mandamus is the proper remedy to correct a clear abuse of discretion by a trial court when the relator has no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Because a trial court "has no 'discretion' in determining what the law is or applying the law to the facts," a "clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* at 840.

Any conjured "potential review at a later time" is not an adequate remedy here. *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987).

This Court has ordered the Respondent to make a feasibility determination before proceeding with a retrospective competency trial to ensure that Mr. Turner's Due Process rights are protected. *Turner* at 696. Respondent must consider all "pertinent considerations" when making that determination. *Id.* Respondent abused his discretion by failing to follow this Court's unambiguous mandate.

The only adequate remedy for Mr. Turner is for this Court to issue the Writs of Mandamus and Prohibition in order to stay the trial and allow time for a proper feasibility determination with the necessary Due Process protections.

## VII. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator respectfully requests that this Honorable Court grant this Petition for a Writ of Prohibition directing the Respondent to postpone the retrospective competency trial and grant this Petition for Writ of Mandamus and direct Respondent to conduct a hearing on the feasibility of a retrospective competency trial.

Respectfully submitted,

_Robert A. Morrow_

ROBERT A. MORROW
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: (281) 379-6901
ramorrow15@gmail.com

_Amy Martin_

AMY MARTIN
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: (713)320-3525
amymartinlaw@gmail.com

# CERTIFICATION

I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

*Robert A. Morrow*
ROBERT A. MORROW

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), **I** certify that this petition contains 2,810 words (excluding the caption, identity of parties and counsel, table of contents, index of authorities, signature block, certification, certificate of service, certificate of compliance, and appendix). This is a computer-generated document created in Microsoft Word using a conventional 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count of the computer program used to prepare this document.

*Robert A. Morrow*

# APPENDIX

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Petition for Writ of Mandamus and Petition for Writ of Prohibition was faxed and/or delivered electronically on January 21, 2015 to:


**Respondent**


The Honorable Brady Elliott
Trial Court Judge
368th Judicial District Court of Fort Bend County
1422 Eugene Heimann Circle
Richmond, Texas  77469
Telephone: 281-341-8610
Fax: 281-341-8614


**Real Party in Interest**


John F. Healy, Jr.
Fort Bend County District Attorney

Fred Felcman
Assistant Criminal District Attorney
1422 Eugene Heimann Circle
Richmond, Texas  77469
Telephone: 281-341-4460
Fax: 281-341-4440
Fred.Felcman@fortbendcountytx.gov


_____
ROBERT A. MORROW

19