WR-82,875-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/29/2015 2:15:03 PM
Accepted 7/29/2015 2:39:11 PM
ABEL ACOSTA
CLERK

No. WR-82,875-01
No. WR-82,875-02

In the
Court of Criminal Appeals
At Austin

———————◆———————

No. 10-DCR-054233

In the 268th District Court
Fort Bend County, Texas

———————◆———————

**IN RE BRADY ELLIOT,**

**JUDGE 268TH DISTRICT COURT**

———————◆———————

## TRIAL COURT'S RESPONSE TO THE COURT OF CRIMINAL APPEALS' ORDER ISSUED JUNE 24, 2015

Albert Turner was convicted of capital murder and sentenced to death on June 7, 2011. The issue of Mr. Turner's competency was raised during his trial and on direct appeal. On October 30, 2013, the Court of Criminal Appeals abated Mr. Turner's appeal and remanded the cause to the trial court to determine whether it is feasible to conduct a retrospective competency trial. This Court determined that a retrospective competency trial is feasible and ordered that a jury determine Mr. Turner's present competency before proceeding with the retrospective competency trial. In response, the State filed petitions for mandamus and prohibition seeking to prevent this Court from holding an inquiry into Mr. Turner's present competency.

1

Before considering the State's filings, the Court of Criminal Appeals has invited this Court to brief the following issues for its consideration:

**Must a defendant be presently competent in order for a retrospective competency trial to occur?**

A retrospective competency inquiry is a unique, judicially-created remedy for determining a defendant's competency at some point in the past. It is plausible that one may be competent at the time the retrospective is ordered, but was incompetent during some relevant period in the past. Although only persuasive authority, the California Supreme Court has noted that, in assessing whether a retrospective competency hearing is feasible, the trial court should consider (1) the passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) any statements by the defendant in the trial record, and (4) the availability of individuals and trial witnesses, both experts and non-experts, who were in a position to interact with the defendant before and during trial, *as well as any other facts the court deems relevant. People v. Lightsey*, 2012 WL 2685249 (Cal. 2012). This would necessarily include the defendant's present competency, should the court deem it relevant.

In March 2015, this Court learned that Mr. Turner was engaging erratic behavior, including refusing medical care and refusing meals. (Appendix A). As a result, this Court has now ordered that a present competency exam be conducted. Given that this is a capital case where the death penalty was imposed, this Court is

especially concerned with Mr. Turner's present competency to move forward and wants to ensure that a complete record is made in the event there is future post-conviction litigation.

Additionally, Due Process and the Sixth Amendment provide defendants the right to assist their counsel and participate in proceedings against them. *See, e.g.,* *Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.--San Antonio 2008, pet. ref'd). Thus, a defendant's present competency may be necessary to assist his counsel and medical personnel regarding his thoughts and experiences in the past, and testify in the retrospective competency trial.

Because a retrospective competency trial is not a statutory remedy, it becomes useful to look to other statutes for guidance on how to properly proceed. According to Article 5, Section 8 of the Texas Constitution, a District Court's jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by the Texas Constitution or other law on some other court, tribunal, or administrative body.

Article 11 of the Texas Code of Criminal Procedure provides guidelines for issuing writs of habeas corpus and discusses the trial court's powers to order evidence be presented and conduct hearings. *See* TEX. CRIM. PROC. CODE ANN. § art. 11.07 (West Supp. 2013) ("If the convicting court decides that there are controverted,

3

previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection.").

Because jurisdiction to consider competency is not delegated elsewhere, the district court is the fact-finder when determining the competency of a defendant and setting the groundwork for conducting an inquiry. And the trial court's power to order whatever evidence necessary to resolve the issue of past competency may be analogized to the court's power when considering a habeas challenge. This includes an inquiry into the defendant's present mental state.

In accordance with this Court's authority to order whatever evidence necessary to resolve an issue properly before the Court, as well as the guarantees of Due Process and the right to a fair trial, Mr. Turner must meet the minimum level of competency before a retrospective competency hearing can commence. *See Greene,* 264 S.W.3d at 272 ("[a] retrospective competency inquiry would be meaningless if [the defendant] does not possess at least some level of competency at the time the inquiry is conducted.").

**If a defendant must be presently competent to conduct a retrospective competency hearing, does the trial court have the authority to require a jury to determine the issue of present competency?**

A trial court enjoys broad authority to resolve issues raised at the trial level through any means it deems equitable. *See e.g.,* TEX. CRIM. PROC. CODE ANN. art. 28.01 (West 2006). For example, in a hearing on a motion to suppress, a court may "determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." *Id.* at art. 28.01 § 1(6). And because the right to a trial by jury is favored under Texas law, this Court has the authority to order that Mr. Turner's present competency be resolved by a jury. *See* TEX. CONST. ART. 1, § 15; TEX. CRIM. PROC. CODE ANN. § art. 1.12 (West 2005); *Samudio v. State*, 635 S.W.2d 183, 184 (Tex. App. 1982) *aff'd*, 648 S.W.2d 312 (Tex. Crim. App. 1983).

Furthermore, if a defendant has the right for a jury to determine his competency for trial, why would he not also have the right to demand a jury also determine his competency to proceed with a retrospective inquiry? If there is a question as to Mr. Turner's competency, and a trial is ordered, article 46B.051 of the Texas Code of Criminal Procedure requires this Court to allow a jury to make that determination if it is requested by either party. This Court sees no reason to delineate from the requirements of the Code, whether it be for a competency determination to stand trial, or to determine competency to proceed with a retrospective hearing.

This Court has presided over this cause for over five years. The issue of Mr. Turner's competency has been raised several times, both before and during trial. At this point in the proceedings, if requested by the parties, another detached fact-finder must step in to definitively determine Mr. Turner's present competency so that this cause may move forward in accordance with due process guarantees.

Respectfully submitted,

/s/ Brady G. Elliot
Brady G. Elliot
268th District Court, Fort Bend County

# Appendix A Redacted (Medical Records)