FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

WR-82,875-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/10/2015 7:22:57 PM
Accepted 8/11/2015 8:15:26 AM
ABEL ACOSTA
CLERK

**NO. WR-82,875-01 and WR-82,875-02**

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator

---

## ON PETITIONS FOR WRITS OF MANDAMUS AND PROHIBITION FROM CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT, FORT BEND COUNTY

---

## Real Party in Interest's Brief on Designated Issues

*Death Penalty Case*

**ROBERT A. MORROW**
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: 281-379-6901
ramorrow15@gmail.com

**AMY MARTIN**
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: 713-320-3525
amymartinlaw@gmail.com

Attorneys for Albert James Turner

*Oral Argument Requested*

## IDENTITY OF PARTIES AND COUNSEL

The parties identified by the relator are correct and does not require supplementation.  Texas Rule of Appellate Procedure 52.4(a).

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL _____2

INDEX OF AUTHORITIES_____3

DESIGNATED ISSUES _____4

    1.   Must a defendant be presently competent in order for a retrospective competency trial to occur? _____4

    2.   If so, does the trial court have the authority to require a jury to determine the issue of present competency?_____4

ARGUMENT _____5

**A defendant must be presently competent in order for a retrospective competency trial to occur** _____5

**The Trial Court has the Authority to Require a Jury  to Determine the Issue of Present Competency** _____12

CONCLUSION_____14

CERTIFICATE OF COMPETENT EVIDENCE _____16

CERTIFICATE OF COMPLIANCE_____16

CERTIFICATE OF SERVICE _____17

# INDEX OF AUTHORITIES

**CASES**

*Barber v. State*, 737 S.W.2d 824, 828 (Tex. Crim. App. 1987) ...........................8,13

*Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979) *cert. granted, judgment vacated on other grounds,* 453 U.S. 902 (1981) ....................................5

*Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979) ..........................8

*Drope v. Missouri*, 420 U.S. 162, 183 (1975). ........................................................6

*Ex parte Lawton*, No. WR-65,068-01, 2006 WL 3692632, at *1 (Tex. Crim. App. Dec. 13, 2006) .....................................................................................................11

*Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.—San Antonio 2008).......... 10,13

*In re Allen*, 462 S.W.3d 47 (Tex. Crim. App. 2015) ................................................13

*Jackson v. State*, 548 S.W.2d 685, 690 (Tex. Crim. App. 1977)..............................10

*Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978) ......................................6, 11

*Medina v. California*, 505 U.S. 437, 450-51 (1992)...................................................9

*Pate v. Robinson*, 383 U.S. 375, 387 (1966) ........................................................9,11

*State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012) *abrogated by Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014). .............................12

*Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013) ...........................5

**STATUTES**

Texas Code of Criminal Procedure Article 46B.051...................................................6

Texas Code of Criminal Procedure Article 37.071 ..................................................14

**RULES**

Texas Rule of Appellate Procedure 52.4(a).................................................................2

Texas Rule of Appellate Procedure 9.4(i)(3).............................................................16

**NO. WR-82,875-01 AND WR-82,875-02**

**IN THE TEXAS COURT OF CRIMINAL APPEALS**

**In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator**

---

**REAL PARTY IN INTEREST'S BRIEF ON DESIGNATED ISSUES**

---

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

Now comes Albert James Turner, the real party in interest, by and through his undersigned counsel, and files this Brief on Designated Issues.

DESIGNATED ISSUES

This Court has ordered that relator and Mr. Turner, and invited the trial court to, brief the following issues:

1. Must a defendant be presently competent in order for a retrospective competency trial to occur?

2. If so, does the trial court have the authority to require a jury to determine the issue of present competency?

ARGUMENT

This Court made it clear that the trial court's feasibility determination was not to be limited to the listed factors, but to take into account all related information:

> On remand, the trial court shall first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations.

Turner v. State, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013)(footnotes omitted).

## A DEFENDANT MUST BE PRESENTLY COMPETENT IN ORDER FOR A RETROSPECTIVE COMPETENCY TRIAL TO OCCUR

### *A poor substitute*

When an error is made at trial and a defendant is denied his constitutional right to a competency trial before his conviction and sentence, the proposed solution is a retrospective competency trial, but only if it is feasible. Courts, including this one, have consistently acknowledged "the difficulties inherent in making a retrospective determination of a defendant's competency. The United States Supreme Court has stressed these difficulties in its decisions." *Brandon v. State*, 599 S.W.2d 567, 573 (Tex. Crim. App. 1979) *cert. granted, judgment vacated on other grounds,* 453 U.S. 902 (1981).

Just as this Court made clear in its directive on remand, the Fifth Circuit has held: "In answering the threshold question whether a meaningful retrospective hearing on competency can be held, the lower court must take the initiative to insure that all relevant evidence comes before it." *Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978).

### *Distinct remedy*

Relator argues that this Court's acknowledgment of the necessity of present competency for a retrospective trial would somehow affect the requirements of a traditional competency trial[1]. A retrospective competency trial is an attempt to fix a mistake, not a pre-trial procedural safeguard.

The issue before this Court now, in this mandamus proceeding, has nothing to do with traditional competency trials, and any ruling here will not necessarily have any impact on them. Unlike the clearly defined procedures for a traditional competency trial, the process of a retrospective competency trial is judicially created, amorphous, and riddled with problems implicating due process. *Drope v. Missouri*, 420 U.S. 162, 183 (1975).

As convenient as it would be to have a method that could take us back to the place and time at which the competency trial should have occurred, it's simply not

---

[1] The term "traditional competency trial" is used to indicate a competency trial described by Article 46B.051 of the Texas Code of Criminal Procedure.

possible. A retrospective competency trial is not just a historical review; it is an attempt to use information, that may or may not still be available, to determine a defendant's state of mind at very particular points in time and how that state of mind affected very particular things— the judicial proceedings and the attorney-client relationship. A defendant must be competent for the duration of the proceedings. Therefore, the jury is not just evaluating competency during the trial generally, but deciding whether or not, at any given point in time, a defendant was incompetent. Competency can change.

Time does not stand still. In Mr. Turner's case, it has been more than 4 years since his trial and Mr. Turner's experiences, which have undoubtedly changed his state of mind, have included being housed on death row, spending time in a TDCJ psychiatric unit, and being medicated.

### *Retrospective competency trials are presumed unconstitutional*

Courts have repeatedly warned of the pitfalls of retrospective competency trials and stressed the importance of proper feasibility determinations.

It is evident why courts stress the fact that this peculiar procedure which attempts to re-create the past, violates an individual's due process rights unless necessary measures are taken. *Drope at* 183. There are "inherent difficulties" even "under the most favorable circumstances." *Id.*

Whether or not a retrospective trial can be held within the limits of due process depends "upon the quality and quantity of the evidence available." *Barber v. State*, 737 S.W.2d 824, 828 (Tex. Crim. App. 1987).

Examining the quantity and quality of the evidence is done on a case-by-case basis. *Caballero v. State*, 587 S.W.2d 741, 743 (Tex. Crim. App. 1979). A retrospective determination of competency *may* satisfy due process requirements, depending on the particular facts of a case. *Id.*

## *That was then*

At the time of trial, when a traditional competency trial is requested, counsel is seeing and interacting with their client regularly. (In Mr. Turner's case the interaction was daily). A defendant is also interacting with court and jail personnel. Counsel has records of, and the ability to quickly contact, every person—defense team, jail personnel, prosecutors, and visitors that come into contact or speak with the defendant contemporaneously. Counsel knows exactly what the defendant's daily housing and health conditions are. And they are able to observe the client's reaction to the proceedings—the proceedings for which he is required to be competent.

Even though a defendant is incompetent during a traditional competency trial, his attorney is able to conduct extemporaneous evidence collection and evaluation.

In a traditional competency trial, the incompetent "defendant might be limited in his ability to assist counsel in demonstrating incompetence, the defendant's inability to assist counsel can, in and of itself, constitute probative evidence of incompetence, and defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505 U.S. 437, 450-51 (1992).

***This is now***

In a retrospective competency trial, an incompetent defendant is probative of nothing and is an obstacle to obtaining and presenting evidence. An incompetent defendant makes a retrospective competency trial unfeasible and therefore unconstitutional. Factors frequently cited to illustrate the danger of retrospective competency trials are the passage of time and a jury's inability to observe the defendant. *Pate v. Robinson*, 383 U.S. 375, 387 (1966).

The passage of time erodes evidence from all sources—documents, counsel, expert witnesses, lay witnesses and the defendant himself.

In Mr. Turner's case, the defendant is currently incompetent. And now, counsel does not have daily interaction with him or daily interaction with the personnel that spend time with him. They have not been able to observe him in the courtroom, his paranoia seems to have deepened, and he is even less communicative. He is a primary source of evidence and necessary to meaningfully question

witnesses. He is potentially also the source of valuable information that could help re-create and understand his condition at the time of trial. All of that evidence is inaccessible and unavailable because of his current incompetency.

*Due process*

When a defendant is erroneously denied a traditional competency trial, he is placed in a unique and dramatically more complex situation with a considerable likelihood that he could, yet again, be denied due process. This complexity requires his participation, at least to some degree. In *Greene* the San Antonio Court of Appeals examined the permissibility of having a retrospective competency trial with a currently incompetent defendant:

> Clearly, Greene's ability to assist his trial attorney will be critical to the outcome of issues to be addressed at the retrospective competency determination and he should not be deprived of his right to assist counsel.

*Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.—San Antonio 2008)[2].

A defendant has constitutional protections during a traditional competency trial. It is "quasi-criminal" and this Court has found it to be "ancillary to the main criminal proceeding." *Jackson v. State*, 548 S.W.2d 685, 690 (Tex. Crim. App. 1977).

---

[2] In *Greene*, there was a finding that he was unlikely to regain competency in the foreseeable future and the retrospective competency trial was not held.

10

A defendant is entitled to relief when he is "denied effective assistance of counsel at their [his] competency hearing, where the competency hearing was improper for some reason, or where a trial court erroneously failed to hold a competency hearing.[3]" *Ex parte Lawton*, No. WR-65,068-01, 2006 WL 3692632, at *1 (Tex. Crim. App. Dec. 13, 2006).

A traditional competency trial is subject to due process requirements, and if a retrospective competency trial is meant to replace that trial that a defendant was wrongfully denied, the requirements are the same. Because of the radically different circumstances, numerous difficulties, and high risk of constitutional violations in a retrospective trial, due process requires that a defendant be currently competent for a retrospective competency trial to occur.

If the retrospective competency trial is flawed in such a way that Mr. Turner's rights were not protected, this case will again be remanded and we will find ourselves in this same procedural posture with the same incompetent Mr. Turner. *Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978).

Given the likelihood that exists for a retrospective competency trial to violate a defendant's constitutional rights, he must be competent to participate in the proceeding for it to occur.

---

[3] Cases often use the word "hearing" instead of "trial." However, the references are to the same type of competency trials at issue here.

## THE TRIAL COURT HAS THE AUTHORITY TO REQUIRE A JURY TO DETERMINE THE ISSUE OF PRESENT COMPETENCY

Texas Constitution Article V, § 8 describes a District Court's jurisdiction:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

> There is no other statute or constitutional provision that grants exclusive

jurisdiction of retrospective competency trials to any other tribunal.

***Authority to act***

When this Court remands a case to a trial court for a feasibility determination, it is giving the court the jurisdiction to follow those instructions. *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012) *abrogated by Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014).

The judge is also given the authority to require a jury to determine the issue of present competency[4]. A retrospective competency trial is not statutorily defined. It is a judicially created attempt to remedy the denial of a traditional competency trial.

---

[4] "'Authority', on the other hand, may be used to refer to the power of an individual—the judge who presides over the court—to act under that grant of jurisdiction." *Id.*

When this Court dictates obligations for the trial court—not restrictions, nothing prohibits empaneling a jury. The trial court was ordered to determine "present" feasibility and consider "the passage of time, availability of evidence, and any other pertinent considerations.[5]"

In this case, respondent has not ruled that a jury's verdict regarding current competency would determine feasibility. The verdict would be one among several considerations.

In *In re Allen*, this Court held that the Court of Appeals wrongly decided that a trial judge acted outside his authority when he granted motions for a pre-trial *Atkins* hearing. *In re Allen*, 462 S.W.3d 47 (Tex. Crim. App. 2015).[6] This Court held: "The statute currently provides no statutory, procedural scheme defining how intellectual-disability issues should be handled." *Id.* at 50. That is also true regarding retrospective competency trials. In fact, there is no statute creating the proceeding at all. Just as the trial court in *Allen* was permitted to conduct a pre-trial *Atkins* hearing, respondent has the authority to require a jury to determine present competency.

---

[5] These elements are representative on the type that trial courts are ordered to consider. *Barber* at 828; *Greene* at 273.

[6] This case was decided after relator's and Mr. Turner's pleadings were filed in this case and supports the denial of Mr. Turner's opposition to prohibiting a current competency trial.

There is nothing in Texas law that prohibits a judge from using a jury's verdict to assist in decision making. In the death penalty sentencing scheme, a judge is required to render a sentenced based upon a jury's answer to special issues. Texas Code of Criminal Procedure Article 37.071.

Relator points out that respondent does not believe Mr. Turner is incompetent and that opinion is "plainly spread in the record." See Relator's Petition, p. 18. It is to respondent's credit that he seeks a jury's perspective.

## CONCLUSION

A defendant must be competent to receive a retrospective competency trial that does not violate his constitutional rights. The trial court judge to whom the case has been remanded has the authority to permit a jury to make the determination of the defendant's current competency.

WHEREFORE, PREMISES CONSIDERED, the real party in interest respectfully requests that the case be remanded to the trial court to proceed with a current competency trial.

Respectfully submitted,


/s/ *Robert A. Morrow*

ROBERT A. MORROW
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas  77380
Telephone: (281) 379-6901
ramorrow15@gmail.com


/s/ *Amy Martin*

AMY MARTIN
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: (713)320-3525
amymartinlaw@gmail.com

**CERTIFICATE OF COMPETENT EVIDENCE**

I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ *Robert A. Morrow*
_____
ROBERT A. MORROW

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this petition contains 2,942 words in its entirety. This is a computer-generated document created in Microsoft Word using a conventional l4-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count of the computer program used to prepare this document.

/s/ *Robert A. Morrow*
_____
Robert A. Morrow

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Real Party in Interest's Brief on Designated Issues was delivered electronically on August 10, 2015 to:

1. **Relator**

The State of Texas

*Represented by:*

    John F. Healy, Jr., Fort Bend County District Attorney

    Fred Felcman, Assistant District Attorney
    Fred.Felcman@fortbendcountytx.gov
    State Bar No. 06881500

    Gail Kikawa McConnell, Assistant District Attorney
    Gail.McConnell@fortbendcountytx.gov
    State Bar No. 11395400

    301 Jackson St.
    Richmond, Texas  77469
    Telephone: 281-341-4460
    Fax: 281-341-4440

2. **Respondent**

    The Honorable Brady Elliott
    Trial Court Judge
    368th Judicial District Court of Fort Bend County, Texas
    1422 Eugene Heimann Circle
    Richmond, Texas  77469

/s/ *Robert A. Morrow*
ROBERT A. MORROW