

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-82,875-01 & WR-82,875-02

## IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR., DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT, Relator

## ON PETITION FOR WRITS OF MANDAMUS & PROHIBITION IN CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT FORT BEND COUNTY

HERVEY, J., delivered the opinion of the Court in which KEASLER, ALCALA, RICHARDSON, KEEL, and WALKER, JJ., joined. KELLER, P.J., filed a dissenting opinion in which YEARY, J., joined. YEARY, J., filed a dissenting opinion. NEWELL, J. did not participate.

## OPINION

We have before us the State's petition for writs of mandamus and prohibition in a capital murder direct appeal previously remanded to the trial court for a retrospective competency hearing. In June 2011, a jury convicted Albert James Turner (Turner) of capital murder for intentionally murdering more than one person during the same criminal transaction, specifically, his wife and his mother-in-law. *See* TEX. PENAL CODE

§ 19.03(a)(7)(A). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure article 37.071, section 2(b) and 2(e), the trial judge sentenced Turner to death. TEX. CODE CRIM. PROC. Art. 37.071, § 2(g).[1] Direct appeal to this Court was automatic. Art. 37.071, § 2(h).

In the course of reviewing Turner's twenty-four points of error on direct appeal, this Court noted that, in fourteen of those points, Turner claimed that he was incompetent to stand trial or that the trial court should have paused the trial to conduct a formal competency hearing as his trial counsel repeatedly requested. *See Turner v. State*, 422 S.W.3d 676, 679 (Tex. Crim. App. 2013). After reviewing the events surrounding the competency issue, the Court sustained Turner's ninth point of error, abated the appeal, and remanded the cause to the trial court. *Id*. at 696. On remand, we ordered the trial court to "first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations." *Id*. at 696-97. Secondly, "[s]hould the trial court deem a retrospective competency trial to be feasible," we ordered the court to "proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure." *Id*. We ordered that the record of the proceedings then be returned to this Court for reinstatement of the appeal. *Id*. As of this date, this Court has not received the record of the proceedings on remand.

---

[1] Unless otherwise indicated, all future references to Articles refer to the Code of Criminal Procedure.

At a scheduling hearing upon remand of this case, the trial court agreed to appoint experts to evaluate Turner's present competency. The State then filed in this Court a "Motion for Enforcement of the Trial Court's Limited Jurisdiction on Remand" arguing that a determination of Turner's present competency was outside the scope of the trial court's limited jurisdiction on remand. Subsequently, in September 2014, the trial court issued a written order in which it determined that a retrospective competency trial was feasible and set a date for that trial. However, in February of 2015, the trial court held another hearing and decided that the court must first hold a jury trial to determine whether Turner was presently competent before holding a retrospective competency trial. The judge scheduled the trial on Turner's present competency for March of 2015.

On February 13, 2015, the State filed in this Court a motion for leave to file a petition for writs of mandamus and prohibition (cause numbers WR-82,875-01 and WR-82,875-02) asking the Court to order the trial judge to: withdraw his order for a jury trial on Turner's present competency; determine the feasibility of a retrospective competency trial on factors other than Turner's present competency; hold a retrospective competency trial if feasible; and set a deadline for the return of the case to this Court. The State argued that the trial judge had failed to follow this Court's directions set out in our 2013 opinion.

In a March 2015 order, this Court stayed the scheduled jury trial on Turner's present competency and gave the trial court and Turner an opportunity to respond to the

State's mandamus petition. Turner's counsel responded that the trial court had the discretion to determine Turner's present competency as part of the required "feasibility" determination and, in any event, the State has an adequate remedy at law because it can attack any alleged errors upon reinstatement of the appeal.

On June 24, 2015, this Court filed and set the State's petition for writs of mandamus and prohibition and ordered the parties – and invited the trial judge – to brief the following issues:

> (1) Must a defendant be presently competent in order for a retrospective competency trial to occur?
>
> (2) If so, does the trial court have the authority to require a jury to determine the issue of present competency?

The trial judge responded to this Court's order, stating that the judge had "determined that a retrospective competency trial is feasible and ordered that a jury determine [Turner's] present competency before proceeding with the retrospective competency trial." The judge further stated that, in March of 2015, he learned that Turner "was engaging [in] erratic behavior, including refusing medical care and refusing meals." Relying in part on a San Antonio Court of Appeals case,[2] the judge asserted that Turner must be presently competent "to assist his counsel and medical personnel regarding his thoughts and experiences in the past, and [to] testify in the retrospective competency trial." Noting that

---

[2] *Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.—San Antonio 2008, pet. ref'd) ("Given that Greene's present incompetency is expected to continue indefinitely, we conclude that a retrospective competency inquiry is not feasible and hold that Greene is entitled to a new trial in the interest of justice.").

the right to a trial by jury is favored under Texas law, the trial judge further asserted that he had the authority to order that the question of Turner's present competency be resolved by a jury.

More recently, as three years had passed since this Court remanded the direct appeal case to the trial court, the Court issued an order requiring the trial court to, within ten days, respond in writing to two questions:

> (1) Is it presently feasible to conduct a retrospective competency trial, given the passage of time and the current availability of evidence? And,

> (2) If it is not feasible, then why is it not feasible?

On October 28, 2016, the trial judge replied, "By Order dated September 25, 2014 this Court determined that a retrospective competency trial was feasible and set a date of December 1, 2014 for such trial." The trial judge further stated that, "[s]everal Motions by the State of Texas . . . and [Turner] were filed resulting in a hearing held March 30, 2014 for a determination of [Turner's] present competency and then based on such a determination a decision would be made when a retrospective competency trial would proceed." The judge also said that he had ordered that Turner be examined by experts to determine his present competency. The judge stated that, until the Court makes a decision on the State's mandamus action, the trial court "is unable to proceed further."

In *In re McCann*, this Court set out the requirements for mandamus and prohibition relief:

> Mandamus relief may be granted if a relator shows that: (1) the act sought

to be compelled is purely ministerial, and (2) there is no adequate remedy at law. With respect to the requirement that the act sought is purely ministerial, the relator must have a "clear right to the relief sought," meaning that the merits of the relief sought are "beyond dispute." To show "a clear right to the relief sought," a relator must show that the facts and circumstances of the case "dictate but one rational decision 'under unequivocal, well-settled . . . and clearly controlling legal principles.'" However, we have also noted that, although an issue may be one of first impression, it does not necessarily follow that the law is not well-settled. It is a small step then to hold that, this Court may grant relief in a mandamus case based on a well-settled, but rarely litigated point of law.

422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (internal citations omitted).[3] A ministerial act, by its nature, does not involve a discretionary decision and relator is entitled to relief only if the principle of law he relies upon is "positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015). A writ of prohibition must meet the same standards as a writ of mandamus; the former is used to "prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed." *Id*. at 297. A mandamus or prohibition action is properly filed directly in this Court in a capital-murder case in which the death penalty has been assessed. *See McCann*, 422 S.W.3d at 704.

This Court has determined under the facts before us that the State has not met the stringent requirements for mandamus and prohibition relief. *See id.*; *see also* Art. 44.01(c); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012). Therefore, we deny relief on the State's petition for writs of mandamus and prohibition and we lift the

---

[3] The *In re McCann* decision resulted from an earlier mandamus petition on an unrelated issue in Turner's capital murder case.

stay on the trial court proceedings in this case.

Delivered: March 8, 2017
Do Not Publish