**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00234-CR**
_____

**MATTHEW LYLE ADDISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 2018-0011**

---

**MEMORANDUM OPINION**

On September 3, 2020, the trial court convicted Matthew Lyle Addison of driving while intoxicated and sentenced Addison to confinement in the Polk County Jail for 10 days. In his appeal brief, Addison argued in part that his right to due process had been violated because a mental evaluation was necessary and ordered by the trial court but never completed. On August 10, 2022, we abated the appeal and remanded the case to the trial court with directions to determine the feasibility of a retrospective competency evaluation.

1

On April 26, 2023, the State filed an unopposed motion to reinstate the appeal, vacate the trial court's judgment, and remand the case to the trial court. The State informs the Court that the defendant is unable to cooperate with a competency evaluation and it is in the interest of justice to dismiss the case.

"The constitutional standard for competency to stand trial asks whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013). "A criminal defendant who is incompetent may not be put to trial without violating due process." *Id*. at 688. Depending upon the quality and quantity of the evidence available, in most cases a retrospective competency inquiry may be conducted consistent with the requirements of due process. *See Barber v. State*, 737 S.W.2d 824, 828 (Tex. Crim. App. 1987). When a retrospective competency hearing is not feasible, however, the appropriate disposition of the appeal is to reverse the trial court's judgment of conviction and to remand the case for a new trial. *See Greene v. State*, 264 S.W.3d 271, 273 (Tex. App.—San Antonio 2008, pet. ref'd).

The State contends a retrospective competency evaluation is not feasible and asks this Court to vacate the judgment and remand the case to the trial court so that the trial court may dismiss the case. Addison has not opposed the State's motion.

Accordingly, we reinstate the appeal, grant the State's motion, vacate the judgment of conviction, and remand the case to the trial court for further proceedings as justice requires.

VACATED AND REMANDED.

_____
JAY WRIGHT
Justice

Submitted on April 8, 2022
Opinion Delivered May 24, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

3